**STATE of Tennessee, Plaintiff-Appellant,**

v.

**Wyatt TABOR, et al.,
Defendants-Appellees.**

Supreme Court of Tennessee,
at Knoxville.

Oct. 9, 1984.

John F. Southworth, Jr., Asst. Atty. Gen., for plaintiff-appellant; William M. Leech, Jr., Atty. Gen., of counsel.

James F. Logan, Jr., Cleveland, for defendants-appellees.

## OPINION

HARBISON, Justice.

In this case thirty-nine individuals were jointly indicted for violation of T.C.A. § 39–3–105(a)(4), prohibiting persons from knowingly being present as spectators at a cockfight or similar exhibition, or at a place where preparations are being made for such an exhibition. The indictment was in two counts, charging the accused persons as being present at a place where preparations were being made for a cockfight and as being spectators, "unlawfully, knowingly and intentionally," at the exhibition of a cockfight.

Appellees moved to dismiss the indictment upon various procedural grounds and also upon a claim that the statute was unconstitutional. The trial judge overruled the motion on all grounds except the constitutional issue. As to that, he found that the statute was void for overbreadth and vagueness. We reverse and remand for further proceedings.

The subsection in question is part of a general statute prohibiting the maintenance, use or training of animals for the purpose of fighting, baiting or injuring another such animal for amusement, sport or gain. A part of the statutory scheme also prohibits persons from deliberately being spectators at a place where such activities are in progress or are being prepared. The sanctions of the statutes are imposed only upon persons who are knowingly and deliberately present at such a place with the intention of being spectators "at such exhibition, fighting, baiting or injury," or of being spectators at a site where preparations are being made for such activities.

 We find nothing vague, uncertain or indefinite about the statute. Nor do we find it overbroad in its strictures. It was insisted by appellees that persons such as investigators, news reporters or other completely innocent persons would be subject to indictment thereunder. It is probably a sufficient answer to that contention to state that none of the appellees asserts that he or she was engaged in any such activity. By their motion to dismiss, there being no other evidence or contention in the record, appellees admitted that they were present intentionally and knowingly, for the purpose of being spectators at an illegal exhibition of the fighting, injury or baiting of animals.

 Appellees also asserted that a farmer might unintentionally come upon two animals fighting in a barnyard and be subject to indictment under this statute. Taking the statute in context, we do not believe that it is susceptible to such a reading or

interpretation, nor would the courts of this state sanction prosecution under such circumstances. The statute must be read with common sense and will be interpreted and applied by the courts only to prohibit persons from assembling deliberately and knowingly, to watch animals being exhibited, baited, or fought for the purpose of injuring other animals for amusement, sport or gain. *Cf. Capitol News Co. v. The Metropolitan Government of Nashville and Davidson County,* 562 S.W.2d 430, 433 (Tenn.1978) (obscenity ordinance will not be given strained or extreme construction).

It is suggested by appellees that the sport of cockfighting is an ancient and honorable one and that courts of several jurisdictions have so noted. *See State v. Stockton,* 333 P.2d 735 (1958); *State ex rel. Miller v. Claiborne,* 211 Kan. 264, 85 Ariz. 153, 505 P.2d 732 (1973); *State v. Buford,* 65 N.M. 51, 331 P.2d 1110 (1958); *Lock v. Falkenstine,* 380 P.2d 278 (Okla.Crim.App. 1963).[1]

Regardless of what other jurisdictions may have held, the courts of this state have long deemed cockfighting to fall within the ban of statutory prohibitions upon gambling.

Over one hundred forty years ago in the case of *Bagley v. State,* 20 Tenn. 486 (1840), this Court held that cockfighting was gaming, and that betting thereon was prohibited under the gaming statutes of the state.

In the case of *Johnson v. State,* 36 Tenn. 614 (1857), it was held that a person who paid a one dollar admission fee for the purpose of entering and witnessing a cockfight was guilty of gaming. There the Court said:

"How could anyone more effectually promote and encourage a game or match of this kind than by not only giving it countenance by his presence, but actually paying his money to support and sustain it? The preparations are made by the principal offenders, notice is given of the time and place; the public are called upon to attend and pay money for the privilege of participating in the enjoyment of the sport; and the defendant accepts the invitation, and contributes his money to the extent of the fee demanded. Is he not actively and efficiently aiding, abetting, and encouraging the unlawful thing?

"All men should keep at a distance from such degrading practices. Gambling is punished by law more on the ground of public policy, on account of its effects upon the actors and society, than the intrinsic wickedness of the thing itself....

"If one species of this vice could be more low, groveling and despicable than another, it would seem to be that under consideration. It adds barbarity and cruelty to the other attributes of ordinary gaming. The age has passed when it could be tolerated as a sport, much less as a mode of gambling." 36 Tenn. at 621–622.

Cockfighting, therefore, in this jurisdiction is neither a lawful nor an honorable sport, nor has it ever been, insofar as we are aware, despite the fact that law enforcement authorities have never been able entirely to suppress it. It is clear, however, that long before the present statutes, dealing with cruelty to animals, were enacted, it was an unlawful activity, and presence and support of it were prohibited.

The statutes under consideration, of course, are not gaming statutes, and appellees are not being prosecuted for gambling. The statutes, however, reflect a continuation, broadening and a modernization of a public policy of this jurisdiction going far back into the nineteenth century. Taken in context, there is nothing either uncertain or unclear about the meaning of the subsec-

---

1. In all four of these cases, gamecocks were held not to be "animals" within the purview of statutes prohibiting cruelty to animals. Without belaboring that rationale, it is sufficient to point out that the Tennessee statutes are not ambiguous in that respect. They prohibit the fighting and baiting of "any bull, bear, dog, cock, or other animal." T.C.A. § 39-3-105(a)(1).

tion in question or about the conduct which it undertakes to prohibit.

■ Appellees rely upon *State v. Abellano*, 50 Haw. 384, 441 P.2d 333 (1968) which held overbroad and vague a local ordinance proscribing "presence" at a cockfight. The much more specific language of the Tennessee statute, prohibiting persons from "knowingly" being present at such an event "as a spectator," warrants our distinguishing that case and reaching a contrary result. Some members of the Hawaii Court feared that the ordinance might authorize prosecution of innocent tourists harmlessly loitering upon the streets and highways. We do not so construe the Tennessee statute and would not sanction such an interpretation of it. The statute in question is but one of several designed to prohibit deliberate cruelty to animals. It should and will be construed in accordance with this clearly appropriate legislative purpose. So interpreted and applied, in our opinion it is a valid exercise of the police power and does not improperly infringe upon freedom of association, mobility or any other constitutionally protected right. It clearly is reasonably related to the legislative purpose of discouraging and prohibiting the cruel practice of animal baiting and fighting, whether for gambling purposes or otherwise. Prohibiting the public exhibition of such activities can be reasonably achieved by making willful attendance at them a criminal offense, in addition to punishing the owners of the animals and the promoters of the exhibition.

The judgment of the trial court is reversed and the cause is remanded for trial on the merits at the cost of appellees.

COOPER, C.J., and FONES, BROCK and DROWOTA, JJ., concur.