941 So.2d 1226 (2006)
Sebastian GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-3398.
District Court of Appeal of Florida, Fifth District.
November 17, 2006.
*1227 James S. Purdy, Public Defender, and Robert E. Wildridge, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Sebastian Gonzalez appeals the trial court's denial of his motion to declare section 828.122(3), Florida Statutes (2005), which outlaws animal fighting, unconstitutional as overbroad. We affirm.
Sheriff office investigators interviewed Mr. Gonzalez about his participation in cockfighting at a rural location that had been raided. Mr. Gonzalez admitted that he had gone to the location to watch cockfights. As a result, Mr. Gonzalez was charged with violating section 828.122(3), which prohibits knowingly baiting or using an animal for the purpose of fighting or baiting any other animal; owning, managing, or operating a facility kept or used for the purpose of fighting or baiting animals; promoting, staging, advertising, or charging admission to fight or bait animals; betting on fighting or baiting animals; or attending the fighting or baiting of animals. In its statement of particulars, the State more specifically alleged that Mr. Gonzalez: (1) was present at a cockfight, and (2) possessed spurs, which the roosters wear in order to fight, thus, promoting cockfighting.
*1228 Mr. Gonzalez filed a motion to declare section 828.122(3) unconstitutional. He argued that the statute was overbroad, as it could prohibit innocent conduct.[1] Mr. Gonzalez further argued that "attend" should be defined to mean "participation or helping," instead of merely being present at. The trial court denied the motion, stating:
It seems to me that the sense of the statute is clear in prohibiting knowingly attending and that there is another sense of the word attend as in to attend a football game or a basketball game or a concert where perhaps you purchase a ticket. And maybe it's without charge, but you're going to that place, for a purpose. And the purpose is a particular exhibition and that that meaning of the statute is both clear and narrow because itwhat is prohibited is knowingly attending. I find that the Tennessee case is most instructive and the Court in that case found their statute to be constitutional, as I find our statute.
. . . .
. . . It is a principal statutory construction that the Court used to construe statutes to make sense, and it's not nonsense, if possible, and I don't find that this is difficult in this case.
Mr. Gonzalez subsequently pled no contest to the charge and reserved his right to appeal the denial of his motion to dismiss. The parties stipulated that the ruling on the motion was dispositive. This appeal followed.
A trial court decision on the constitutionality of a statute presents an issue of law that we review de novo. Ocala Breeders' Sales Co., Inc. v. Fla. Gaming Ctrs., Inc., 731 So.2d 21, 24 (Fla. 1st DCA 1999); see also N. Fla. Women's Health & Counseling Servs., Inc. v. State, 866 So.2d 612, 626-27 (Fla.2003). There is a "strong presumption in the law that a state statute is constitutionally valid." Ocala Breeders' Sales Co., 731 So.2d at 24 (citing In re Caldwell's Estate, 247 So.2d 1 (Fla.1971)).
Florida courts have not yet addressed the constitutionality of section 828.122(3)(h). However, the courts of several other states have considered the constitutionality of similar animal fighting statutes. These decisions support the constitutionality of Florida's statute. In State v. Tabor, 678 S.W.2d 45 (Tenn.1984), the Tennessee Supreme Court upheld a statute that prohibited a person from knowingly being present as a spectator at a cockfight or similar event, or at a place where preparations were being made for such an event. The Tabor court found that the section was neither vague nor overbroad, as it required the conduct to be done knowingly, not accidentally.
The Tabor court contrasted the Tennessee statute, which prohibited a person from knowingly being present at an animal fight as a spectator, with Hawaii's animal baiting statute that did not contain the same narrowing language. Id. at 47. In State v. Abellano, 50 Haw. 384, 441 P.2d 333 (1968), the Hawaiian Supreme Court held that its animal fighting and baiting statute was unconstitutionally vague. In contrast to Florida's and Tennessee's animal fighting statutes, the Hawaii statute provided simply that it was "unlawful for any person to engage or participate in or to be present at, any *1229 cockfighting exhibition," regardless of whether it was done knowingly. Haw. Rev. Stat. § 13-3.1 (1961). The Ohio and Missouri Supreme Courts also struck down statutes similar to Hawaii's. See State v. Young, 695 S.W.2d 882, 886 (Mo. 1985) (holding that the Missouri animal fighting statute's provision, prohibiting a person to "be present thereat" a place where animal fighting or baiting occurred, was void for vagueness because it did not "provide a person of ordinary intelligence with adequate notice of the proscribed conduct"); State v. Wear, 15 Ohio App.3d 77, 472 N.E.2d 778, 781 (1984) (determining that Ohio's animal baiting statute, which provides "[a]ny person who knowingly purchases a ticket of admission to [a place kept for cockfighting], or is present thereat, or witnesses such a spectacle is an aider and abettor," was unconstitutionally vague).
Mr. Gonzalez contends that the statute is overbroad because it might punish innocent bystanders who happen upon two animals fighting, e.g., a person who observes two dogs fighting in the street or a zoo patron who witnesses animals fighting. We disagree. The requirement that the conduct be done "knowingly" in section 828.122(3), establishes a level of mens rea required under the statute that would preclude the hapless pedestrian from being caught in such a broad application of the law. In that respect, the Florida statute is similar to Tennessee's and different from those in Hawaii, Ohio and Missouri.
Mr. Gonzalez also argues that even if the statute is not overbroad, the trial court erred in failing to apply the rule of lenity in defining the term "attend." Mr. Gonzalez contends that section 828.122(3)(h), which prohibits knowingly attending the fighting or baiting of animals, can be construed several ways, and the trial court should have interpreted it so that it did not criminalize his conduct.
If the legislature fails to clearly and unambiguously define a crime, "the courts must resolve any doubt as to legislative intent by application of the rule of lenity." State v. Rubio, 917 So.2d 383, 397 (Fla. 5th DCA 2005). According to the rules of statutory construction, this means that penal statutes should be strictly construed, and "when the language is susceptible of differing constructions, it shall be construed most favorably to the accused." § 775.021, Fla. Stat. (2005).
"To discern legislative intent, the courts apply a common-sense approach which requires consideration of the statutory language, the purpose of the statute, the evil to be corrected, the legislative history, and the pertinent case law that has applied the statute or similar enactments." Rubio, 917 So.2d at 397. The Florida Supreme Court has "`repeatedly held that the plain meaning of statutory language is the first consideration of statutory construction.'" Clines v. State, 912 So.2d 550, 555 (Fla.2005) (quoting Stoletz v. State, 875 So.2d 572, 575 (Fla.2004)). "When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931). We conclude that the language of this statute is clear and unambiguous, particularly when considered with the requirement that such attendance be "knowing." Therefore, the rule of lenity does not apply.
AFFIRMED.
PALMER and TORPY, JJ., concur.
NOTES
[1] The overbreadth doctrine permits an individual whose own speech or conduct may be prohibited to challenge an enactment facially "because it also threatens others not before the courtthose who desire to engage in legally protected expression but who may refrain from doing so rather than risk prosecution or undertake to have the law declared partially invalid." Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 503, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985).