THE STATE OF OHIO, APPELLEE, *v.* WEAR ET AL., APPELLANTS.

(No. CA83-10-080—Decided June 11, 1984.)

*Mr. George Pattison,* prosecuting attorney, for appellee.

*Mr. R. Scott Croswell III* and *Ms. Elizabeth E. Agar,* for appellants.

*Per Curiam.* This cause came on to be heard upon appeal from the County Court of Clermont County.

On January 22, 1983, members of the Clermont County Sheriff's Department conducted a raid on a barn located near Felicity, Ohio, the suspected scene of a cockfight, and found such an event in progress. Several game birds and paraphernalia discovered at the site were confiscated. In addition, a large number of people were arrested and charged with violating R.C. 959.15, the Ohio animal fights statute.

Counsel for appellants filed a motion to dismiss, claiming that the statute was unconstitutional, both on its face and as it was applied to the various appellants under the facts of this case. Appellants' motion was heard in the County Court of Clermont County and overruled. Appellants subsequently entered pleas of no contest and were found guilty as charged. This appeal concerns the convictions of one hundred twelve of the persons arrested and convicted. Two of the appellants were found guilty of maintaining property for use in cockfighting, eleven of the appellants

were found guilty of participating in cockfighting, and the remaining appellants were found guilty of being present at a cockfight. All appellants were fined.

Appellants filed a notice of appeal, asserting one assignment of error, that the trial court erred in overruling appellants' motion to dismiss.

Appellants contend that their motion to dismiss should have been granted because R.C. 959.15 is unconstitutional on its face since the statute is impermissibly vague and fails to apprise an ordinary individual of what conduct is forbidden. Appellants also claim that the statute is unconstitutionally overbroad. In support thereof, appellants take the position that the statute proscribes as criminal conduct the mere presence at a cockfight or the act of witnessing a cockfight without referring to any culpable mental state.

R.C. 959.15, the Ohio animal fights statute, reads in its entirety as follows:

"No person shall knowingly engage in or be employed at cockfighting, bearbaiting, or pitting an animal against another; no person shall receive money for the admission of another to a place kept for such purpose; no person shall use, train, or possess any animal for seizing, detaining, or maltreating a domestic animal. Any person who knowingly purchases a ticket of admission to such place, *or is present thereat, or witnesses such spectacle, is an aider and abettor.*" (Emphasis added.)

A violation of R.C. 959.15 is a fourth degree misdemeanor. R.C. 959.99(C).

An analysis of the constitutionality of a statute begins with the general premise that a statute is entitled to a strong presumption of constitutionality. *Peebles* v. *Clement* (1980), 63 Ohio St. 2d 314 [17 O.O.3d 203]; *Benevolent Assn.* v. *Parma* (1980), 61 Ohio St. 2d 375 [15 O.O.3d 450]. It has also been the practice for courts to liberally construe a statute in order to save it from constitutional infirmities. *State* v. *Slatter* (1981), 66 Ohio St. 2d 452 [20 O.O.3d 383]. Nevertheless, a court, in interpreting a statute, cannot simply rewrite it in order to make it constitutional. *Peebles, supra.*

Appellants initially attack the constitutionality of R.C. 959.15 by claiming that the statute is impermissibly vague and fails to define the prohibited conduct in such a definite manner that ordinary people can understand it. The test for determining whether a statute is constitutionally vague is succinctly set forth in *Kolender* v. *Lawson* (1983), 75 L. Ed. 2d 903, 909, wherein the United States Supreme Court stated that:

"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."

See, also, *Hoffman Estates* v. *Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489; *Buckley* v. *Valeo* (1976), 424 U.S. 1; *Grayned* v. *City of Rockford* (1972), 408 U.S. 104; *Papachristou* v. *City of Jacksonville* (1972), 405 U.S. 156. "This appears to be especially true where the uncertainty induced by the statute threatens to inhibit the exercise of constitutionally protected rights." *Colautti* v. *Franklin* (1979), 439 U.S. 379, 391. Thus, in order to avoid a finding of vagueness, the statute must give sufficient warning so that individuals may conduct themselves so as to avoid that which is prohibited by the law. *Rose* v. *Locke* (1975), 423 U.S. 48.

This standard for determining if a statute is vague has been adopted in Ohio in the case of *State* v. *Phipps* (1979), 58 Ohio St. 2d 271 [12 O.O.3d 273]. In *Phipps, supra,* the Ohio Supreme Court adopted the vagueness doctrine set forth above, specifically relying on the case of *Connally* v.

*General Constr. Co.* (1926), 269 U.S. 385, 391, wherein it was held that:

"* * * a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law."

See, also, *State* v. *Young* (1980), 62 Ohio St. 2d 370 [16 O.O.3d 416], certiorari denied (1980), 449 U.S. 905.

Appellants argue that R.C. 959.15, and in particular, the final sentence of the statute, is so vague and imprecise that an ordinary individual cannot determine what conduct is being prohibited. The final sentence of R.C. 959.15 provides that:

"Any person who knowingly purchases a ticket of admission to such place, or is present thereat, or witnesses such spectacle, is an aider and abettor."

The first phrase of this sentence is directed towards those individuals who knowingly purchase a ticket of admission to "such place." When viewed in the entire context of the statute, the term "such place" appears to refer to a site or location being used or maintained for cockfights or other animal fights. This phrase does not present a problem of uncertainty since it is clear that it makes it an offense for an individual to pay the price of admission with the knowledge that he or she is purchasing a ticket for admission to a location being used for animal fights.

The remaining portion of the sentence presents a different situation. By its literal terms, it states that an individual's mere presence violates the statute. On the surface, there initially appears to be no problem with this particular segment of the statute. However, upon closer scrutiny, it becomes evident that there exists an ambiguity as to whether this specific prohibition restricts presence at a cockfight in progress or proscribes the mere presence of

an individual at a facility used for cockfights, or designed or intended for such use, regardless of whether a fight is in progress at the time such individual is present.

In the case at bar, it appears that a cockfight *event* was in progress at the time the Clermont County Sheriff's Department conducted its raid although the record does not demonstrate whether cocks were then actually in combat. Be that as it may, such a factual distinction does not save the statute's failure to precisely define what type of conduct is prohibited since other courts have found legislation proscribing presence at a cockfight to be unconstitutional even when two birds were engaged in combat at the time of the arrest. See, *e.g., State* v. *Abellano* (1968), 50 Hawaii 384, 441 P.2d 333; *Brackett* v. *State* (1977), 142 Ga. App. 601, 236 S.E.2d 689.

The statute also fails to specify whether the culpable mental state of "knowingly" only defines the act of purchasing an admission ticket or whether it also defines the acts of being present or witnessing a cockfight. In our opinion "knowingly," as mentioned in the statute, only applies to the purchase of a ticket for admission to an animal fight and is not a prerequisite mental state for the act of being present at an animal fight. This discrepancy is even more obvious when R.C. 959.15 is compared to R.C. 959.16. R.C. 959.16, pertaining to dogfighting, states in subsection (A)(5) that "[n]o person shall *knowingly do any of the following:* * * * Purchase a ticket of admission to or *be present at a dogfight.*" (Emphasis added.) The structure of R.C. 959.16 reflects the General Assembly's intent that a violation results when an individual is knowingly present at a dogfight. The statute does not proscribe the mere presence of an individual at a location or place used for conducting dogfights. If it was the intent of the legislature to apply a similar

standard to other animal fights, then such a limitation should be set forth in more precise and certain language than that used in the final sentence of R.C. 959.15.

Without further explanation or delineation in the statute, the phrase pertaining to presence is so imprecise that an individual of ordinary intelligence would be unable to determine what conduct is being prohibited. With such an unascertainable standard, the statute fails to define the offense of being present at a cockfight with the degree of sufficient certainty required to place an individual on notice as to what conduct or action on his or her part will result in a violation of the statute. We therefore hold that R.C. 959.15, insofar as it proscribes an individual's presence at the scene of a cockfight, is impermissibly vague and violates due process of law.

As additional support for their argument that R.C. 959.15 is unconstitutional, the appellants contend that the statute is also overbroad since it proscribes the mere presence at a cockfight or the act of witnessing the same without reference to any culpable mental state. "The overbreadth doctrine prohibits a statute from making innocent or constitutionally protected conduct criminal. * * * The harm from an overbroad statute is its chilling effect on constitutionally protected or otherwise lawful conduct." *Record Revolution No. 6, Inc.* v. *Parma* (C.A. 6, 1980), 638 F.2d 916, 927, vacated (1981), 451 U.S. 1013, and (1982), 456 U.S. 968. Overbroad statutes or laws, like those which are vague, deter privileged activity. *City of Rockford, supra.*

Appellants in the case at bar argue that R.C. 959.15 is unconstitutionally overbroad since most of the appellants were penalized for associating with individuals who were actually engaged in or conducting the cockfight itself. Thus, they are not charged with actual participation in the prohibited activity, but are charged with merely being present at the scene. Such a result, argue appellants, is an imposition of criminal liability for the exercise of the right of free association. Accordingly, this is a proper case for considering the issue of overbreadth, since an attack on a statute on the basis of it being overbroad has been permitted in those situations where "* * * the Court thought rights of association were ensnared in statutes which, by their broad sweep, might result in burdening innocent association." *Broadrick* v. *Oklahoma* (1973), 413 U.S. 601, 612.

We have already addressed the issue of whether the culpable mental state of "knowingly" as set forth in the last sentence of R.C. 959.15 applies to the acts of being present at or witnessing a cockfight and have found that it does not apply to those particular courses of conduct. Thus, the statute has the effect of imposing strict criminal liability upon those individuals who are merely physically present at the site of a cockfight notwithstanding the fact that a fight is not in progress at the time such an individual is present, and also imposes strict liability on one who witnesses a cockfight irrespective of whether the individual knows the nature of what he or she is witnessing. If the basement of a house is being used by a resident thereof for conducting cockfights and a co-resident conducts a bridge game on the second floor and his fellow card players are ignorant of the proceedings taking place below, those individuals participating in the card game would be liable to prosecution under R.C. 959.15 since they are present at a location or place which is kept in part for the purpose of conducting animal fights. Such individuals would be guilty despite their ignorance of the basement's use, and furthermore would be guilty for being present even if a cockfight was not in progress at the time they were arrested.

The cruel and inhumane manner in which animals are treated when forced to engage in mutual combat, whether for profit or the personal amusement of the spectators, can neither be condoned nor tolerated. Likewise, it is the duty of the government to take those appropriate steps to curtail such activities and punish those who engage in and promote such activities. The animal fights statute is aimed at preventing cruelty to animals. Making it a crime to promote, participate in or be employed at a cockfight provides an effective basis for enforcing a policy against cruelty to animals without unnecessarily infringing on the freedom of association. However, the government, in an attempt to terminate and control such abusive treatment of animals, may not implement or establish laws which, while enforcing such governmental policy, also impermissibly infringe upon or burden an individual's constitutionally protected right of innocent associations. R.C. 959.15 as it is currently written has such a widespread sweep that it ensnares the right of association by penalizing individuals who are no more than physically present at or in the proximity of a place which is currently being used, has previously been used, or will be used in the future for animal fights.

We therefore conclude that the provision of R.C. 959.15 which proscribes an individual's presence at the scene or location of a cockfight, without establishing a culpable mental state for such conduct, is both unconstitutionally vague and overbroad, infringes upon the constitutionally protected right of association, and violates due process of law. Accordingly, the assignment of error raised by appellants is well-taken and is hereby sustained. The convictions of those appellants charged solely with being present at the cockfight are reversed and such appellants are discharged.

However, the convictions of the remaining appellants who were found guilty of maintaining property for use in cockfighting and of participating in cockfighting — Junior L. Wear, Betty Wear, Duke A. Blevins, Rockey J. Eaves, Julius M. Jackson, Dewey Lowson, Richard L. McQuitty, Keith L. Nickell, Derrick Sizemore, Gilbert B. Spaulding, William Stocker, Robert L. Wear, and Rufus Bex, Jr. — are hereby affirmed.

It is the order of this court that the judgment herein appealed from be, and the same hereby is, affirmed in part and reversed in part.

*Judgment affirmed in part and reversed in part.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.