## 41144. MOODY et al. v. THE STATE.
(320 SE2d 545)

CLARKE, Justice.

This is an appeal by 59 defendants who were indicted in Bacon County for violating the dogfighting statute (OCGA § 16-12-37). The trial court overruled a motion to quash and strike the indictment on the grounds that the law is unconstitutional. We granted an interlocutory appeal from the denial of the motion and now affirm.

Most of appellants' arguments have been decided adversely to them in *Hargrove v. State*, 253 Ga. 450 (321 SE2d 104) (1984). However, in this pre-trial appeal appellants also raise points of overbreadth of the statute and lack of intent in the statute.

It is contended that the statute is overbroad in that it fails to delineate between conduct that is permissible and impermissible and has a coercive effect. In their discussion of this issue, appellants do not point to what constitutionally protected activity is threatened by the law but contend that the law itself sets no standard for adjudication of guilt. *Winters v. New York*, 333 U. S. 507 (68 SC 665, 92 LE 840) (1948). They argue that one could be convicted under the statute by merely being present, regardless of whether he had any power to prevent the event or any intent to participate in it, and that one who negligently allowed a dog to roam which resulted in a dogfight could be guilty under the statute.

We have already held that the statute requires knowing and consensual involvement in dogfighting. *Hargrove*, supra. Furthermore, to be guilty of a crime requires an intention to commit the prohibited act and this principle will be used by the courts in statutory interpretation. *Price v. State*, 253 Ga. 250 (319 SE2d 849) (1984). The present statute thus requires an intent to engage in dogfighting for sport or gaming purposes.

Appellants argue that since different versions of dogfighting bills included the term "spectators" and that the present law is silent on this matter, the legislature never intended those who were "merely present" to be prosecuted.

It is clear that the legislature intended to outlaw dogfighting and set a mandatory punishment. Because of the nature of the activity, conduct other than actually placing a dog in a pit is prohibited. The statute is aimed at those who intentionally participate on any level because without such participation the purpose of dogfighting, i.e., profit or gambling sport would not exist. See *Hargrove*, supra.

The statute infringes on no constitutionally protected conduct. The statute outlaws knowing and active participation in a dogfight and is not constitutionally invalid. Which, if any, of the appellants was in fact a participant, is a matter of proof to be determined at trial.

*Judgment affirmed. All the Justices concur, except Smith, J., who concurs in the judgment only.*

DECIDED OCTOBER 2, 1984.

*Sims, Donaldson, Metz & Zeigler, R. B. Donaldson, Jr.,* for appellants.

*Harry D. Dixon, Jr.,* District Attorney, *Rebecca L. Littleton,* Assistant District Attorney, *Michael J. Bowers,* Attorney General, for appellee.