STATE of Missouri,
Plaintiff-Respondent,

v.

Garry W. YOUNG, Defendant-Appellant.

No. 66581.

Supreme Court of Missouri,
En Banc.

Sept. 10, 1985.

David G. Neal, Eminence, Gary H. Sokolik, Perry, for defendant-appellant.

C. David Henderson, Pros. Atty., New London, for plaintiff-respondent.

HIGGINS, Chief Justice.

Garry W. Young was convicted upon jury-waived trial of "being present at a cockfight" in violation of section 578.050, RSMo 1978. He challenges the constitutional validity of section 578.050, RSMo 1978, which proscribes inter alia, maintaining property for use in cockfighting and being present at such a place. The Court determines that the statute is void for vagueness, and the judgment of conviction is reversed.

On February 26, 1983, Sheriff Glen Parsons, a deputy sheriff and several members of the Missouri State Highway Patrol entered the "Hills Building," the suspected scene of a cockfight in rural Ralls County. They found sixteen individuals in the building and observed what was described as a pit or ring containing feathers and blood. The officers saw several cages or coops containing roosters; they did not observe any cockfights in progress.

Garry Young was identified as one of the individuals present; the extent of his participation in any cockfights and the character of his presence at the scene were not shown.

The information charged that the defendant, in violation of section 578.050, committed the misdemeanor of being present at a cockfight. He filed a pretrial motion to dismiss alleging that the statute was "vague, overbroad, ambiguous, confusing and incoherent" and thus violated his constitutional rights of due process; and that the statute unlawfully infringed upon his constitutionally protected rights of privacy, assembly, association, travel and movement. The motion to dismiss was overruled, and was twice renewed and overruled at trial. The statute in question provided:

> Any person who shall keep or use, or in any way be connected with or interested in the management of, or shall receive money for the admission of any person to, any place kept or used for the purpose of fighting or baiting any bull, bear, dog, cock or other creature, and any person who shall encourage, aid or assist or be present thereat, or shall permit or suffer any place belonging to him or under his control to be so kept or used, shall, on conviction thereof, be guilty of a misdemeanor.

§ 578.050, RSMo 1978. In 1984 the legislature deleted the term "dog" and classified the offense as a "Class A Misdemeanor."

Statutes are presumed to be constitutional and will be held otherwise only if they clearly contravene some constitutional provision. *State Tax Com. v. Administrative Hearing Com.*, 641 S.W.2d 69 (Mo. banc 1982); *State v. Brown*, 660 S.W.2d 694 (Mo. banc 1983). Statutes must, if possible, be construed as consistent with the Constitution, *State Highway Com. v. Spainhower*, 504 S.W.2d 121, 125 (Mo. banc 1973); doubts are to be resolved in favor of validity, *State ex rel. McClellan v. Godfrey*, 519 S.W.2d 4, 8 (Mo. banc 1975).

On a challenge that a statute or ordinance is unconstitutionally vague it is not necessary to determine if a situation

could be imagined in which the language used might be vague or confusing; the language is to be treated by applying it to the facts at hand. *Prokopf v. Whaley*, 592 S.W.2d 819, 824 (Mo. banc 1980). An exception exists where the accused has challenged the facial validity of the ordinance or statute on First Amendment grounds, in which case it is irrelevant that his particular conduct which subjected him to arrest, could constitutionally be prohibited under the statute. *Broadrick v. Oklahoma*, 413 U.S. 601, 611–12, 93 S.Ct. 2908, 2915–2916, 37 L.Ed.2d 830 (1973). *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *City of Kansas City v. Thorpe*, 499 S.W.2d 454 (Mo.1973), *cert. denied, Thorpe v. City of Kansas City*, 416 U.S. 990, 94 S.Ct. 2398, 40 L.Ed.2d 768 (1974); *State v. Swoboda*, 658 S.W.2d 24 (Mo. banc 1983). Overbreadth attacks are allowed where rights of association are ensnared in statutes which, by their broad sweep, might result in burdening innocent associations. *Broadrick*, 413 U.S. at 611–612, 93 S.Ct. at 2915–2916.

■ Dispositive of this case is the charge that the statute is unconstitutionally vague and overly broad. Vagueness, as a due process violation, takes two forms. One is the lack of notice given a potential offender because the statute is so unclear that "men of common intelligence must necessarily guess at its meaning." *Connally v. General Constr. Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *State ex rel. Williams v. Marsh*, 626 S.W.2d 223 (Mo. banc 1982). The second is that the vagueness doctrine assures that guidance, through explicit standards, will be afforded to those who must apply the statute, avoiding possible arbitrary and discriminatory application. *Grayned v. City*

*of Rockford*, 408 U.S. at 108, 92 S.Ct. at 2299; *Papachristou v. City of Jacksonville*, 405 U.S. at 162, 92 S.Ct. at 843; *State v. Brown*, 660 S.W.2d 694, 697 (Mo. banc 1983). See *Missouri Pacific Railroad Co. v. Morris*, 345 S.W.2d 52, 57 (Mo. banc 1961).

Appellant contends that the statute, by its literal terms, makes unlawful the mere presence at a place or facility that has been used for a cockfight: (1) regardless whether there is a cockfight in progress at the time such person is present; and (2) regardless whether such person had any intent to participate in a cockfight. He argues that the statute is thus open to a wide range of meaning and interpretations, and consequently may be arbitrarily imposed.

Courts of other states have determined similar statutes to be constitutionally infirm. In *State v. Wear*, 15 Ohio App.3d 77, 472 N.E.2d 778 (1984), the court held unconstitutional a statute which provided in pertinent part:

No person shall knowingly engage in or be employed at cockfighting ...; no person shall receive money for the admission of another to a place kept for such purpose; .... Any person who knowingly purchases a ticket of admission to such place, or is present thereat, or witnesses such a spectacle, is an aider and abettor.

In analyzing this statute the court said there existed an

ambiguity as to whether this statute restricts presence at a cockfight in progress or proscribes the mere presence of an individual at a facility used for cockfights, or designed or intended for such use, regardless of whether a fight is in progress at the time such individual is present.

*Id.* 472 N.E.2d at 781. The court further reasoned that "knowingly," as it is used in the statute, only applies to the purchase of a ticket for admission to an animal fight and is not a prerequisite mental state for

the act of being present at an animal fight. The court accordingly held the statute to be impermissibly vague and a violation of due process.

In *State v. Abellano*, 50 Hawaii 384, 441 P.2d 333 (1968), the court struck down an ordinance which provided: "It shall be unlawful for any person to engage or participate in or be present at, any cockfighting exhibition." The defendant was shown to be no more than present at a place where a cockfight was being held. Expressly overruling a prior holding defining the standard of being "present at," the court held:

> An ordinance or statute proscribing presence, whether at a cockfight, a gambling house, or a house of prostitution, is too vague to satisfy the requirements of due process. Primarily, the term presence has a spacio-physical frame of reference. Unless the activity at which presence is unlawful is in a narrowly confined place, determination of what constitutes presence at the activity can be resolved only on the basis of policy.

*Id.* 441 P.2d at 334–335. Unlike the enactment in *Abellano*, section 578.050 does not contain the requirement that an individual be present at the cockfight while it is being held. The person subject to criminal liability under the literal terms of section 578.050 is not necessarily a spectator or an active participant at a cockfight, but rather one who is only at a place used for such events.

The reasoning from *Abellano* was followed in *State v. Shigematsu*, 52 Hawaii 604, 483 P.2d 997 (1971), where the court examined a statute which proscribed presence in a "barricaded place" where gambling implements were exhibited. Relying on *Abellano* the court held, "We have no doubt that the statute is vague and overly broad and therefore violates due process of law...." *Shigematsu*, 483 P.2d at 1000. *See also State v. Kaneakua*, 61 Hawaii 136, 597 P.2d 590 (1979).

Other courts have reached results contrary to *Wear* and *Abellano* and have upheld animal fighting statutes; but the specific language of the particular statutes in those cases distinguishes them from the present case. In *State v. Tabor*, 678 S.W.2d 45 (Tenn.1984), the court upheld a statute prohibiting persons from "knowingly" being present "as spectators" at a cockfight. Distinguishing *State v. Abellano*, 441 P.2d 341, the court based its holding on a determination that the offenses defined by the statute consisted of two indispensable elements: (1) the act of being a spectator at a place where a cockfight or a similar exhibition is in progress or is being prepared; and (2) a specific intent to knowingly and deliberately be present at such a place as a spectator. *Id.* at 48. These two elements are not present in section 578.050. *See Moody v. State*, 253 Ga. 456, 320 S.E.2d 545 (1984); *Hargrove v. State*, 253 Ga. 450, 321 S.E.2d 104 (1984); *State v. Kaneakua*, 61 Hawaii 136, 597 P.2d 590 (1979). *Cf. Illinois Gamefowl Breeders Ass'n v. Block*, 75 Ill.2d 443, 27 Ill.Dec. 465, 389 N.E.2d 529 (1979).

These decisions support a conclusion that "to be present thereat" is a vague, unclear and imprecise trap to catch those guilty of cockfighting. The statute fails to restrict presence to any specified time or purpose. In its current form, one may be criminally liable for entering into a building where a cockfight has occurred at any time in the past or where a cockfight may occur at some time in the future; and the statute contains no requirement of an unlawful intent to give meaning to the presence provision. Under the statute's scope, one is exposed to criminal liability without having known that a cockfight had transpired or that the facility is a place used for such activities. Somewhat related to this lack of intent and knowledge, the challenged statute does not require the offender to be present at such a place for the purpose of being a spectator at a cockfight. *See State v. Koetting*, 616 S.W.2d 822, 824 (Mo. banc 1981). Nor, in a legislative attempt to restrict the scope, does the statute define the term "place." If a cockfight is occurring in a barn, does the statute permit the ar-

resting authority to seize any occupants of the farm house if both buildings are located on the same farm? Similarly, if a cockfight is occurring in the basement or the attic of a facility, are those persons present on any other floor subject to arrest? The loose terms of section 578.050 permit an affirmative answer to these questions.

When the phrase "and any person who shall encourage, aid or assist or be present thereat" is read in the context of the entire statute there are additional ambiguities. The statute seems to make it unlawful to "aid or assist" a place used for cockfighting. Research reveals no discussions where an individual "aids or assists" a place. One does not aid or assist a place; one aids or assists other individuals. *See State v. Clark*, 596 S.W.2d 747, 751 (Mo. App.1980). Likewise, the statute seems to proscribe the act of "encouraging" a place to be used for cockfighting. Yet it is more likely that one encourages other individuals, not places.

The state relies upon *Peck v. Dunn*, 574 P.2d 367 (Utah 1978), *cert. denied*, 436 U.S. 927, 98 S.Ct. 2822, 56 L.Ed.2d 770 (1978), which upheld a local ordinance proscribing presence as a spectator at a cockfight. The statute in *Peck* can be distinguished from the Missouri statute challenged in the instant case. The *Peck* statute requires the offender to be present at a cockfight as a spectator; section 578.050 does not require presence as a spectator, but rather proscribes presence at a place where such an event is held, regardless of whether a cockfight is presently being held.

■ Anti-cockfighting legislation is a proper subject for the exercise of the police power in that its purpose is to discourage and prohibit the cruel practice of animal baiting and fighting. *City of St. Louis v. Schoenbusch*, 95 Mo. 618, 8 S.W. 791 (1888). However, the government in the proper exercise of its police power may not impermissibly infringe upon or burden an individual's constitutionally protected rights. *Flower Valley Shopping Center, Inc. v. St. Louis County*, 528 S.W.2d 749 (Mo. banc 1975).

■ Section 578.050 is not sufficiently clear to give reasonable notice of the prohibited conduct and to apprise enforcers of the proper standards for enforcement. For this Court to convert the statute into a constitutional proscription would be to indulge in statutory revision, a matter within the exclusive province of the General Assembly. *State ex rel. D.M. v. Hoester*, 681 S.W.2d 449 (Mo. banc 1984); *Diemer v. Weiss*, 343 Mo. 626, 122 S.W.2d 922 banc 1938). As was said in *Papachristou v. City of Jacksonville*, 405 U.S. at 165, 92 S.Ct. at 845, 31 L.Ed.2d at 117, " 'It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained and who should be set at large.' *United States v. Reese*, 92 U.S. 214, 221, 2 Otto 214, 23 L.Ed. 563, 566 (1876)."

■ The Court holds, therefore, that section 578.050 is unconstitutionally vague and contravenes the due process clause of Amendments V and XIV of the United States Constitution and Article I, Section 10, of the Missouri Constitution.

Because section 578.050 is void for vagueness in its violation of due process of law by failing to provide a person of ordinary intelligence with adequate notice of the proscribed conduct, it is not necessary to consider whether the statute unconstitutionally infringes on First Amendment freedoms or other basic constitutional rights.

The judgment is reversed.

BILLINGS, BLACKMAR, WELLIVER and RENDLEN, JJ., and MORGAN, Senior Judge, concur.

DONNELLY, J., concurs in result in separate opinion filed.

ROBERTSON, J., not participating because not a member of the Court when cause was submitted.

DONNELLY, Judge, concurring in result.

I am unable to join the Court's opinion because it contains so much discussion that is inappropriate to the resolution of this case.

I respectfully suggest that prohibiting attendance at a cockfight or assembly at a place kept for the purpose of cockfighting does not infringe upon any constitutionally protected right and that the majority errs when it injects the question of overbreadth. *See Grayned v. City of Rockford,* 408 U.S. 104, 114, 92 S.Ct. 2294, 2302, 33 L.Ed.2d 222 (1972); *NAACP v. Button,* 371 U.S. 415, 432, 83 S.Ct. 328, 337, 9 L.Ed.2d 405 (1963). *See generally,* J. Nowack, R. Rotunda & J. Young, Constitutional Law 867–871 (2d ed. 1983). And where a decision rests upon a determination that a statute violates due process without regard to whether the statute unconstitutionally infringes on First Amendment freedoms, I must reject the practice of testing the statute with hypotheticals. *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 36 (Mo. banc 1982); *Prokopf v. Whaley,* 592 S.W.2d 819, 824 (Mo. banc 1980). "I did not suppose our function was that of a council of revision. The issue before us is whether what has been done has deprived this appellant of a constitutional right. It is the law as applied that we review, not the abstract, academic questions which it might raise in some more doubtful case." *Saia v. New York,* 334 U.S. 558, 571, 68 S.Ct. 1148, 1155, 92 L.Ed. 1574 (1948) (Jackson, J., dissenting).

It is enough to hold that § 578.050 has deprived appellant of a constitutional right because it fails to satisfy "the requirement that a legislature establish minimal guidelines to govern law enforcement" *in his case* and, therefore, offends the Due Process Clause. *Smith v. Goguen,* 415 U.S.

566, 574, 94 S.Ct. 1242, 1248, 39 L.Ed.2d 605 (1974).

I concur only in the reversal of the judgment of conviction.