The STATE of Ohio, Appellee,

v.

LAUKERT, Appellant.

[Cite as *State v. Laukert* (1989), 63 Ohio App.3d 64.]

Court of Appeals of Ohio,
Portage County.

No. 1944.

Decided May 22, 1989.

*David W. Norris,* Prosecuting Attorney, and *Thomas R. Buchanan,* Assistant Prosecuting Attorney, for appellee.

*William Carrell,* County Public Defender, for appellant.

CHRISTLEY, Presiding Judge.

This is an appeal from the Portage County Municipal Court, Kent Branch.

On August 29, 1987, Ohio Department of Liquor Control agents cited appellant, Sean P. Laukert, for a violation of R.C. 4301.632, unlawful possession of beer by a minor in a public place, a first degree misdemeanor.

The following facts were stipulated at the time the plea was entered.

Appellant was eighteen years old at the time. The beer was legally purchased at a carry-out by a co-defendant and appellant's sole act was to carry the beer out to the car.

At pretrial, appellant moved for a dismissal, alleging that R.C. 4301.632 is unconstitutionally vague and overbroad. The court declined to rule on the constitutionality of the statute, stating that the matter should be addressed in the court of appeals.

Appellant then pleaded "no contest" in order to preserve the issues for appeal. The court found appellant guilty and assessed costs only. The assessment of costs was suspended pending appeal. On January 26, 1988, the court entered judgment and appellant filed a timely notice of appeal.

On appeal, this court retained jurisdiction and remanded the matter to the trial court for a decision on that constitutional question. The trial court found the statute to be constitutional and the case was returned to this court for consideration on the merits of the appeal. The appellant made the following assignments of error:

"1. O.R.C. 4301.632 is unconstitutionally vague and overbroad in violation of the Fourteenth Amendment to the United States Constitution and Article 1, Section 16 of the Constitution of Ohio.

"2. O.R.C. 4301.632 deprives persons of their personal liberty in an arbitrary, discriminatory, capricious and/or unreasonable manner in violation of the due process clauses of the constitutions of Ohio and the United States."

In his first assignment of error, appellant argues that R.C. 4301.632 is unconstitutionally vague because it does not fairly inform a person what conduct is prohibited. R.C. 4301.632 provides:

"Except as otherwise provided in this chapter, no person under the age of twenty-one years shall order, pay for, share the cost of, or attempt to purchase any beer or intoxicating liquor, or consume any beer or intoxicating liquor, either from a sealed or unsealed container or by the glass or by the drink, *or possess* any beer or intoxicating liquor, in any public or private place." (Emphasis added.)

R.C. Chapter 4301 does not define "possess" for purposes of statutory interpretation.

Appellant argues that an ordinary individual of average intelligence would have to guess at the statute's meaning because of the various definitions the dictionary ascribes to the word "possess."

In *State v. Dorso* (1983), 4 Ohio St.3d 60, 61, 4 OBR 150, 151, 446 N.E.2d 449, 450, the court held:

"It is axiomatic that all legislative enactments enjoy a presumption of constitutionality. * * * Similarly uncontroverted is the legal principle that the courts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional. * * * Specifically, as to challenges to a statute based upon its alleged vagueness, the United States Supreme Court has stated, ' * * * [I]f this general class of offenses [to which the statute applies] can be made constitutionally definite by a reasonable construction of the statute, this Court is under a duty to give the statute that construction.' *United States v. Harriss* (1954), 347 U.S. 612, 618 [74 S.Ct. 808, 812, 98 L.Ed. 989, 996–997]. * * *

"The court, in *Harriss*, also articulated the standard to be followed in determining whether a statute is impermissibly vague or indefinite. The court wrote: 'The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.' * * *

"A statute or ordinance is not necessarily void for vagueness, however, merely because it could have been more precisely worded. * * * The Consti-

tution does not mandate a burdensome specificity. As the United States Supreme Court observed in *Rose v. Locke* (1975), 423 U.S. 48, at pages 49–50 [96 S.Ct. 243, at pages 243–244, 46 L.Ed.2d 185, at page 188], ' * * * prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness, for '[i]n most English words and phrases there lurk uncertainties.' *Robinson v. United States*, 324 U.S. 282, 286 [65 S.Ct. 666, 668–669, 89 L.Ed. 944, 947] (1945).' * * * "

Appellant correctly argues that balanced against the foregoing is the requirement that statutes defining offenses shall be strictly construed against the state and liberally construed in favor of the accused. R.C. 2901.04.

The issue then becomes whether or not the word "possess," as it appears in R.C. 4301.632, is unconstitutionally vague or indefinite. This court must decide whether appellant's act of carrying the beer to the car was to "possess" the beer, and whether appellant should have known that it was a prohibited activity. R.C. 1.42 provides:

"Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise shall be construed accordingly."

Webster's Third New International Dictionary (1961 Rev.1986) 1770, provides, among others, the following definition for "possess": "to take into one's possession * * *." "Possession" is defined as "the act or condition of having in or taking into one's control or holding at one's disposal * * *." Webster's, *supra*, at 1770.

R.C. 2925.01, definitions, which deals with drug offenses, provides:

"(L) * * * 'Possess' or 'possession' means having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

Black's Law Dictionary (4 Ed.Rev.1968) 399, defines "control" as:

"To exercise restraining or directing influence over * * *." and

"Power or authority to manage, direct, superintend, restrict, regulate * * *."

In *State v. Van Dyne* (1985), 26 Ohio App.3d 95, 26 OBR 270, 498 N.E.2d 221, the court considered R.C. 4301.62, which is similar to R.C. 4301.632. R.C. 4301.62 provides in pertinent part as follows:

"No person shall have in his possession an opened container of beer or intoxicating liquor in a state liquor store, or on the premises of the holder of

any permit issued by the department of liquor, or any other public place. * * * "

In *Van Dyne*, as in the case *sub judice*, the appellant contested the constitutionality of the statute. Although the thrust of R.C. 4301.62 concerns possession in a *public place*, much of the language in *Van Dyne* is applicable to the case *sub judice* :

"The interest of the state in controlling the possession and consumption of alcohol is well-established. The state's interest in regulating possession of opened containers of alcohol in public places, while perhaps not as compelling, is similar to the state's interest in regulating the possession of thievery tools, concealed weapons, and scheduled substances. While the possession of an opened can of beer by defendant in this case perhaps posed no threat to public health or safety, it is the possibility of abuse of the substance in his opened container by others, and his potential abuse of the substance, that gives the state its right to regulate his conduct in a public place. This is the price which he pays for living in a society in which the misconduct of some affects the freedom of us all. The state has a legitimate interest in controlling the places in which people may possess opened containers of liquor or beer. * * * " *Van Dyne, supra*, at 96–97, 26 OBR at 271, 498 N.E.2d at 223.

In the instant case, the state has an even more defensible interest in controlling the possession of alcoholic substances by minors in public places.

In this case, the word "possess," construed according to the rules of everyday usage, gives appellant fair notice as to the proscribed conduct. Although the dictionary gives other definitions of "possess" that would not fit within the context of R.C. 4301.632, it does not follow that this would make the statute vague.

■ Appellant further argues that, in addition to being vague, R.C. 4301.-632 is unconstitutionally overbroad. In *State v. Wear* (1984), 15 Ohio App.3d 77, 80, 15 OBR 106, 109, 472 N.E.2d 778, 782, the court held:

" * * * 'The overbreadth doctrine prohibits a statute from making innocent or constitutionally protected conduct criminal. * * * The harm from an overbroad statute is its chilling effect on constitutionally protected or otherwise lawful conduct.' *Record Revolution No. 6, Inc. v. Parma* (C.A.6, 1980), 638 F.2d 916, 927, vacated (1981), 451 U.S. 1013 [101 S.Ct. 2998, 69 L.Ed.2d 384], and (1982), 456 U.S. 968 [102 S.Ct. 2227, 72 L.Ed.2d 840]. Overbroad statutes or laws, like those which are vague, deter privileged activity. [*Grayned v.*] *City of Rockford, supra* [408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) ]."

Appellant envisions scenarios wherein innocent conduct may be prohibited by operation of the statute. However, in *State v. Beckley* (1983), 5 Ohio St.3d 4, 7–8, 5 OBR 66, 69, 448 N.E.2d 1147, 1149–1150, the court stated:

" 'The United States Supreme Court, in discussing the overbreadth doctrine in *Broadrick v. Oklahoma* (1973), 413 U.S. 601 [93 S.Ct. 2908, 37 L.Ed.2d 830], stated, at pages 610–613 [93 S.Ct. at pages 2914–2916, 37 L.Ed.2d at pages 839–841]:

" ' "Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court. * * * A closely related principle is that constitutional rights are personal and may not be asserted vicariously. * * *

" ' "In the past, the Court has recognized some limited exceptions to these principles, but only because of the most 'weighty countervailing policies.' * * * Another exception has been carved out in the area of the First Amendment.

" ' " * * *

" ' " * * * Application of the overbreadth doctrine in this manner is manifestly, strong medicine. It has been employed by the Court sparingly and only as a last resort. *Facial overbreadth has not been invoked when a limiting construction has been or could be placed on the challenged statute.* * * *" (Emphasis added.)' " Quoting *State v. Young* (1980), 62 Ohio St.2d 370, 390, 16 O.O.3d 416, 428, 406 N.E.2d 499, 511, Locher, J., dissenting.

In this case, it cannot be said that R.C. 4301.632 is unconstitutionally vague or overbroad on its face.

However, appellant's argument is well-taken that R.C. 4301.632 is unconstitutional in its application. The facts in this case were stipulated to at the time the plea of no contest was entered. Those stipulations incorporated the investigator's report. The facts as presented to this court are that the beer was legally purchased at a carry-out by a co-defendant and that appellant's sole act was to carry the beer out to the car. It is impossible to determine from that simple stipulation whether or not appellant "possessed" the beer by any of the standards or definition set forth in the earlier portions of this opinion. Appellant's argument is therefore well taken. Based on the facts provided to this court through the stipulations, including the investigator's report, R.C. 4301.632 is unconstitutionally vague and overbroad as applied.

In his second assignment of error, appellant argues that the statute causes an unconstitutional denial of due process of law because it prohibits harmless acts and deprives persons of their liberty in an arbitrary, capricious, discriminatory or unreasonable manner. This argument is essentially a reiteration of appellant's overbreadth argument in his first assignment of error and we apply the same reasoning here as we did there to find that it is not unconstitutional *per se;* however, it is an unconstitutional denial of due process in its application to the meager facts presented to this court.

While we realize that this imposes an additional burden on the law enforcement officers and prosecutors who deal with these offenses, we do not think it is any greater than the burden required by similar offenses of possession as defined by R.C. 2925.01. To find otherwise would allow a Pandora's box of prosecutions by not allowing a means to distinguish the actions of an underage person carrying out at the grocery store from criminal activity. We also note that we are not indicating that some degree of knowledge is required since R.C. 4301.632 is a *per se* violation requiring no *mens rea*. Lack of knowledge of the possession was not an issue in this case. However, neither was there anything presented in the facts before us to indicate that the appellant's possession of the beer meant that he had control over it or could exercise restraining or directing influence over it or that he had the power or authority to manage, direct, superintend, restrict or regulate the beer.

Judgment of the trial court is reversed and final judgment is entered for appellant.

*Judgment reversed.*

FORD, J., concurs.

EDWIN T. HOFSTETTER, J., concurs in judgment only.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District sitting by assignment.