The STATE of Ohio, Appellee,

v.

BRYSON, Appellant.

[Cite as *State v. Bryson* (1992), 78 Ohio App.3d 702.]

Court of Appeals of Ohio,
Ashtabula County.

No. 91–A–1612.

Decided March 17, 1992.

*Gregory J. Brown*, Ashtabula County Prosecuting Attorney, for appellee.

*Thomas C. Brown*, for appellant.

*Per Curiam.*

This is an appeal from the County Court of Ashtabula County, Eastern Division. In July 1990, a complaint was filed against twenty-five persons[1] for a violation of R.C. 959.15, the Ohio animal fights statute, a fourth degree misdemeanor.

Initially, all of the individuals charged pleaded not guilty. Thereafter, on August 31, 1991, they filed a motion to dismiss on the basis that R.C. 959.15 is unconstitutionally vague and overbroad. The trial court overruled the motion, after which twenty-two of the individuals withdrew their former pleas and pleaded no contest. Subsequently, one other person charged likewise pleaded

---

1. Reporter's Note: For cases of other defendants, see, *e.g.,* the following unreported opinions dated March 17, 1992: *State v. Juanita M. Cichowicz,* No. 91–A–1613, 1992 WL 52573; *State v. Corry J. Corson,* No. 91–A–1614, 1992 WL 52574; *State v. Henry Debevec,* No. 91–A–1615, 1992 WL 52575; *State v. James P. Durkin,* No. 91–A–1616, 1992 WL 52576; *State v. Earl R. Farmer,* No. 91–A–1617, 1992 WL 52577; *State v. Jimmy Farmer,* No. 91–A–1618, 1992 WL 57578; *State v. Roy Farmer,* No. 91–A–1619, 1992 WL 52579; *State v. Rodney S. Farmer,* No. 91–A–1620, 1992 WL 52580; *State v. Tracy A. Farmer,* No. 91–A–1621, 1992 WL 52581; *State v. Richard Fleshman,* No. 91–A–1622, 1992 WL 52582; and *State v. James D.*

no contest. The trial court found all twenty-three individuals guilty and pronounced sentence. Two of the persons originally charged failed to appear, plead, or otherwise resolve the complaint filed against them. All twenty-five individuals filed an appeal. However, two of them were dismissed for lack of a final judgment entry. Thus, only twenty-three are the subject of these appeals. Based on the no contest plea, the facts as alleged in the complaint do not appear to be in dispute. The complaint alleged as follows:

"While in the Township of New Lyme, [defendant] did knowingly engage in or be at cockfighting, bear baiting [sic], or pitting an animal against another, or did knowingly purchase a ticket of admission to such place, or was present thereat, or witnessed such spectacle, in violation of Revised Code Section 959.15."

Each appellant separately raises the following assignment of error:

"The trial court committed error prejudicial to these defendants in that Section 959.15, the Ohio animal fights statute, is unconstitutionally vague and overbroad on its face, and as applied to these defendants, and further that it violates due process of law."

Essentially, appellant contends that the motion to dismiss should have been granted because R.C. 959.15 is unconstitutional on its face, since the statute is impermissibly vague and fails to apprise an ordinary person of what conduct is forbidden (citing *State v. Wear* [1984], 15 Ohio App.3d 77, 15 OBR 106, 472 N.E.2d 778). Additionally, appellant asserts that the statute is unconstitutionally overbroad because the statute interdicts as criminal conduct the mere presence at a cockfight or the act of witnessing a cockfight without any culpable mental state.

In *State v. Laukert* (1989), 63 Ohio App.3d 64, 66–67, 577 N.E.2d 1148, 1149–1150, this court recognized the rules and standards on the subject of the constitutionality of statutes, as set forth in *State v. Dorso* (1983), 4 Ohio St.3d 60, 61, 4 OBR 150, 151, 446 N.E.2d 449, 450, in which the court held:

"It is axiomatic that all legislative enactments enjoy a presumption of constitutionality. * * * Similarly uncontroverted is the legal principle that the courts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional. * * * Specifically, as to challenges to a statute based upon its alleged vagueness, the United States Supreme Court has stated, ' * * * [I]f this general class of offenses [to which the statute applies] can be made constitutionally definite by a reasonable construction of the statute, this Court is under a duty to give the statute that construction.' *United States v. Harriss* (1954), 347 U.S. 612, 618 [74 S.Ct. 808, 812, 98 L.Ed. 989, 996]. * * *

*Gallion*, No. 91–A–1623, 1992 WL 52583. See, also, *State v. McCallion* (1992), 78 Ohio App.3d 709, 605 N.E.2d 1289.

"The court, in *Harriss*, also articulated the standard to be followed in determining whether a statute is impermissibly vague or indefinite. The court wrote: 'The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.'

" * * *

"A statute or ordinance is not necessarily void for vagueness, however, merely because it could have been more precisely worded. * * * The Constitution does not mandate a burdensome specificity. As the United States Supreme Court observed in *Rose v. Locke* (1975), 423 U.S. 48, at pages 49–50 [96 S.Ct. 243, at pages 243–244, 46 L.Ed.2d 185, at pages 187–188], ' * * * prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness, for "[i]n most English words and phrases there lurk uncertainties." *Robinson v. United States*, 324 U.S. 282, 286 [65 S.Ct. 666, 668, 89 L.Ed. 944, 947] (1945).' * * * "

Perhaps the most prominent case in Ohio addressing the constitutionality of the animal fights statute is *State v. Wear* (1984), 15 Ohio App.3d 77, 15 OBR 106, 472 N.E.2d 778, in which the court determined that R.C. 959.15, the Ohio animal fights statute, is unconstitutionally vague and overbroad. Inasmuch as this matter has evaded the Ohio Supreme Court's review, we find it necessary to discuss the analysis and holding set forth in *Wear*.[2] R.C. 959.15 provides that:

"No person shall knowingly engage in or be employed at cockfighting, bearbaiting, or pitting an animal against another; no person shall receive money for the admission of another to a place kept for such purpose; no person shall use, train, or possess any animal for seizing, detaining, or maltreating a domestic animal. *Any person who knowingly purchases a ticket of admission to such place, or is present thereat, or witnesses such spectacle, is an aider and abettor.*" (Emphasis added.)

With regard to the issue of vagueness, appellant, like the court in *Wear*, focuses on the final sentence of R.C. 959.15. The court found no problem with the first phrase of the sentence which pertains to purchasing a ticket; however, as to the remaining portion of the sentence, the court stated that:

"By its literal terms, it states that an individual's mere presence violates the statute. On the surface, there initially appears to be no problem with this

---

2. It should be noted that the decision in *State v. Wear* was appealed to the Supreme Court by the state. However, the appeal was dismissed for failure to prosecute.

particular segment of the statute. However, upon closer scrutiny, it becomes evident that there exists an ambiguity as to whether this specific prohibition restricts presence at a cockfight in progress or proscribes the mere presence of an individual at a facility used for cockfights, or designed or intended for such use, regardless of whether a fight is in progress at the time such individual is present. * * *

"The statute also fails to specify whether the culpable mental state of 'knowingly' only defines the act of purchasing an admission ticket or whether it also defines the acts of being present or witnessing a cockfight. In our opinion 'knowingly,' as mentioned in the statute, only applies to the purchase of a ticket for admission to an animal fight and is not a prerequisite mental state for the act of being present at an animal fight. * * * " *Id.,* 15 Ohio App.3d at 79, 15 OBR at 109, 472 N.E.2d at 781–782.

■ As to the first statement set forth by the *Wear* court, we must agree that the statute is ambiguous as to what is specifically prohibited by the statute. It is unclear as to whether it is a crime to be present at a cockfighting event, or a crime to be at a place kept for such purposes whether or not a cockfight is in progress. To this extent, the reference "present thereat" is vague and does not give a person of ordinary intelligence a fair notice of what conduct is prohibited. Thus, the statute is unconstitutionally vague with respect to this aspect. However, the phrase "witnesses such spectacle" is not ambivalent. It is our view that the common-sense reading of "witnesses such spectacle" is that the spectacle is "cockfighting, bearbaiting or pitting of an animal against another."

■ The complaint filed against appellant alleged that appellant "was present thereat, *or* witnessed such spectacle." (Emphasis added.) Therefore, on the basis of the complaint, appellant could be found guilty of either having been present thereat or having witnessed such spectacle. Accordingly, the question which must be addressed is whether the constitutionally infirm provision "present thereat" may be separated out of the statute. A fundamental principle is that where a part of a statute is unconstitutional but may be separated from the other provisions, the validity of such other provisions is not thereby affected. It is therefore a well-established general rule " * * * that if an unconstitutional part of an Act is stricken, and if that which remains is complete in and of itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which is rejected, the remaining part must be sustained. *Bowles v. State* (1881), 37 Ohio St. 35, 44; *State v. Kassay* (1932), 126 Ohio St. 177, 180 [184 N.E. 521, 523]; *State ex rel. Hebert v. Ferguson* (1944), 142 Ohio St. 496, 503 [27 O.O. 415, 418, 52

N.E.2d 980, 983]." *Livingston v. Clawson* (1982), 2 Ohio App.3d 173, 177, 2 OBR 189, 193, 440 N.E.2d 1383, 1388.

Moreover, the fact that the provisions of an Act are contained in the same section as in the case at bar is immaterial, since the distribution into sections is purely artificial. The significant element is whether they are essentially and inseparably connected in substance. *Bowles, supra,* at 44. The test of separability has been defined and set forth in *Geiger v. Geiger* (1927), 117 Ohio St. 451, 466, 160 N.E. 28, 33, as follows:

"(1) Are the constitutional and the unconstitutional parts capable of separation so that each may be read and may stand by itself? (2) Is the unconstitutional part so connected with the general scope of the whole as to make it impossible to give effect to the apparent intention of the Legislature if the clause or part is stricken out? (3) Is the insertion of words or terms necessary in order to separate the constitutional part from the unconstitutional part, and to give effect to the former only?"

A reading of the statute in the case *sub judice* clearly reveals that the answer to the first and third tests is in the affirmative, as each of the two phrases may stand alone and no insertion of words is necessary to separate "present thereat" from "witnesses such spectacle." In response to the second test, this court concludes that the phrase "present thereat" is not so connected and interdependent that it would be impossible to give the statute effect without it. We reach this conclusion because the entire section, "[a]ny person who knowingly purchases a ticket of admission to such place, or is present thereat, or witnesses such spectacle, is an aider and abettor," is set forth in the disjunctive. Thus, if a person does any *one* of the three acts, he is an aider and abettor. It is not necessary that two or more of these acts be committed simultaneously in order for one to be an aider and abettor.

Further, implicit in "witnesses such spectacle" is that a person is present at some type of animal fight, as one cannot "witness" unless one is actually present at the scene. Therefore, "present thereat" is not interdependent and interwoven with the other two disjunctive phrases in the section, nor is it inseparable from the whole of the statute. Accordingly, under R.C. 1.50, the remainder of the statute may be given effect without the invalid provision, and to this end the provisions are severable and, thus, unaffected.

■ In addition to being vague, the "present thereat" portion of the statute is overbroad. If merely being present at a place kept for cockfighting events is criminal conduct, it is an imposition of criminal liability which infringes on an individual's constitutional right to associate.

As generally stated, " \* \* \* '[t]he overbreadth doctrine prohibits a statute from making innocent or constitutionally protected conduct criminal. \* \* \* The harm from an overbroad statute is its chilling effect on constitutionally protected or otherwise lawful conduct.' *Record Revolution No. 6, Inc. v. Parma* (C.A.6, 1980), 638 F.2d 916, 927, vacated (1981), 451 U.S. 1013 [101 S.Ct. 2998, 69 L.Ed.2d 384], and (1982), 456 U.S. 968 [102 S.Ct. 2227, 72 L.Ed.2d 840]. Overbroad statutes or laws, like those which are vague, deter privileged activity. [*Grayned v.*] *City of Rockford, supra* [408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)]." *Laukert, supra,* 63 Ohio App.3d at 68, 577 N.E.2d at 1151.

Moreover, an attack on a statute on the basis of its being overbroad has been permitted in those situations where " \* \* \* the Court thought rights of association were ensnared in statutes which, by their broad sweep, might result in burdening innocent association." *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 612, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830, 840.

In the instant case, the "present thereat" provision of the statute seems to impose criminal conduct on one who merely assembles or associates at a site where cockfighting takes place regardless of whether a fight is in progress. Thus, as written, the statute appears overbroad on its face because it unnecessarily infringes on a person's right to assemble or associate. Consequently, for the reasons stated above, we agree with the holding in *Wear, supra,* but only to the extent that it determined that the "present thereat" portion of the R.C. 959.15 is unconstitutionally vague and overbroad.

■ Notwithstanding the foregoing, this court notes that we do take umbrage with that portion of the *Wear* case which states that with regard to the last section of the statute, the adverb "knowingly" does not apply "or is present thereat, or witnesses such spectacle, is an aider and abettor." See, *Wear, supra.* Pursuant to R.C. 1.42, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage. \* \* \*" Thus, utilizing the normal and ordinary rules of grammar, since the adverb "knowingly" precedes the entire series of verb clauses, it serves to modify *each* verb clause separately, and not just the clause "purchases a ticket of admission to such place."

■ It should be noted that appellant also argues that under the facts and circumstances in the instant case, the statute was unconstitutionally applied to appellant. Appellant failed to provide a transcript which would demonstrate either the circumstances surrounding the event or the arrest. Appellee did file a motion with this court requesting that we order appellant to provide such a record of the trial transcript. However, this court denied that motion. Nevertheless, such an attempt by appellee did not relieve appellant of the burden to demonstrate the alleged error. *Knapp v. Edwards Laboratories*

(1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219, 400 N.E.2d 384, 385. Therefore, it is impossible to address the issue of whether the statute was unconstitutionally applied to appellant, as there is nothing in the record which provides a factual predicate for purposes of review. Thus, appellant does not demonstrate this particular asserted error.

Based on the foregoing analysis, this court concludes that R.C. 959.15 is unconstitutionally vague and overbroad with respect to the phrase "present threat." However, this phrase does not contaminate the balance of the statute as it is not essentially and inseparably connected in substance with the rest of the statute. Therefore, the constitutionally infirm phrase may be separated out, as the balance of the specific section as well as the other portions of the statute may stand independently. Accordingly, we conclude that with the exception of the noted infirmity, the remainder of R.C. 959.15 is not either vague or overbroad. Therefore, appellant may be found guilty for having knowingly witnessed such spectacle in violation of R.C. 959.15.

This court affirms the judgment of the trial court with respect to its order finding appellant guilty and its penalty imposition, and also affirms on the issue of the constitutionality of R.C. 959.15 as applied to the facts in this case; the interlocutory order of the trial court is reversed in part as to its determination that the phrase "present threat" is not unconstitutionally vague or overbroad, but is otherwise affirmed on this issue of constitutionality consistent with the rationale expressed in the foregoing opinion.

*Judgment accordingly.*

FORD, P.J., CHRISTLEY and NADER, JJ., concur.