OPINION
{¶ 1} In these accelerated calendar cases, appellant, Brandi Tomko, appeals the judgments entered by the Portage County Municipal Court, Kent Division. Tomko pled no contest to three violations of a Brimfield Township resolution prohibiting excessive dog noise.
 {¶ 2} Tomko received twelve citations for violations of Brimfield Township Resolution 2001-443. This resolution prohibits a person from keeping dogs that disturb the peace of the community by barking. All of the charges against Tomko were minor misdemeanors.
 {¶ 3} In case No. K 04 CRB 1836 S, Tomko filed a "motion for hearing." She did not file similar motions in the other cases. In her pleading, she argued that the resolution is unconstitutional on its face, because it is overbroad and vague. In addition, she argued that the resolution was unconstitutional as applied to her. Tomko asserted that the raising and care of dogs fell under the regulation of agriculture and, since the property in question was larger than five acres, the township was without authority to regulate the activity. The trial court never ruled on Tomko's motion for hearing, and did not address the constitutionality of the resolution.
 {¶ 4} On February 23, 2005, a pretrial report was filed. This report indicated that an agreement had been reached in which Tomko would plead no contest to the charges against her in three cases, and the remainder of the charges would be dismissed without prejudice.
 {¶ 5} Tomko pled no contest to the charges against her in the three cases now on appeal. The trial court found her guilty and imposed a fine of $150, plus court costs. The trial court merged the charges for the purposes of sentencing, so Tomko's total amount due was $212.
 {¶ 6} Tomko individually appealed the judgments of the trial court. At the appellate level, these appeals have been consolidated for all purposes.
 {¶ 7} Tomko raises the following assignment of error:
 {¶ 8} "The trial court erred by not applying the agricultural exception to Brimfield Township Resolution #2001-443 afforded to the appellant through the Ohio Revised Code Section 519.21 and Section 3767.13(D)."
 {¶ 9} Prior to addressing Tomko's assigned error, we will address a procedural issue. Crim.R. 32(C) provides, "[t]he judge shall sign the judgment and the clerk shall enter it on the journal." If a trial court does not sign the judgment entry, there is no final, appealable order before this court.[1]
 {¶ 10} We have reviewed the journal entries in this matter. The journal entries in each case are the inside portion of the trial court file folder. The name of the defendant and the amount of the fine are hand-written in the provided spaces. In addition, the word "guilty" is circled. There is undiscernable writing in the same location on each of the journal entries. These markings are not accompanied by a signature line and do not reveal the name of the trial court judge. However, it appears as though these writings are, in fact, the signatures of the trial court. The better practice would be to prepare more traditional judgment entries, on paper, with a signature line for the trial court. However, since the journal entries are signed, we will proceed to Tomko's assigned error.
 {¶ 11} To the extent Tomko's assigned error alleges the trial court erred on a factual basis, this argument is waived. A no contest plea operates as a waiver to subsequently contest the factual merits of the charge.[2] Moreover, at the trial court level, Tomko presented no evidence regarding the agricultural exception.
 {¶ 12} To the extent Tomko's assigned error argues the ordinance is unconstitutional "as applied" to her, she has also failed to demonstrate a factual basis for her argument. The duty is on the appellant to demonstrate a claimed error.[3]
Since Tomko pled no contest, no evidence was introduced at the trial court level. While Tomko argues several facts in her appellate brief, these facts are not contained in the record before us.
 {¶ 13} As this court held in State v. McCallion, "it is impossible to address the issue of whether the statute was unconstitutionally applied to appellant, as there is nothing in the record that provides a factual predicate for purposes of review. Thus, appellant has not demonstrated this particular asserted error."[4]
 {¶ 14} Tomko's assignment of error is without merit.
 {¶ 15} The judgment of the trial court is affirmed.
Grendell, J., Rice, J., concur.
[1] See, e.g., State v. Kohn (Dec. 28, 1978), 8th Dist. No. 38165, 1978 Ohio App. LEXIS 8520, at *3.
[2] (Citations omitted.) State v. Pierce, 2d Dist. No. 19573,2003-Ohio-5334, at ¶ 20.
[3] State v. McCallion (1992), 78 Ohio App.3d 709, 717, citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199.
[4] State v. McCallion, 78 Ohio App.3d at 717.