Williams, J.
 

 This court is called upon to determine one question: Is that portion of Section 6064-57, General Code, on which the affidavit is founded constitutional ?
 

 The challenged part of the section is as follows:
 

 *
 
 * whoever possesses or has in his possession an opened bottle, flask or container on the premises of the holder of any permit issued by the Department of Liquor Control, or any other public place
 
 *212
 
 shall be deemed guilty of a misdemeanor * *
 

 The section was originally enacted in 115 Ohio Laws, pt. 2, 156, in the following form: “Whoever has in his possession an opened bottle, flask, or container, containing intoxicating liquor, in a state liquor store or on the premises of the holder of a permit issued by the Department of Liquor Control authorizing the sale of such intoxicating liquor, unless such intoxicating liquor shall have been lawfully purchased for consumption on such premises, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than ten dollars nor more than fifty dollars.”
 

 The section was amended in 116 Ohio Laws, 541, and in quoting the language thereof the changes are noted in italics and the omissions by asterisks: “Whoever has in his possession an opened bottle, flask or container, containing intoxicating liquor, in a state liquor store, or
 
 whoever possesses or has in his possion an opened bottle, flash or container
 
 on the premises of the holder of
 
 * * * any
 
 permit issued by the Department of Liquor Control, * # * shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than ten dollars nor more than fifty dollars.
 
 This section shall not apply to intoxicating liquor which shall have been lawfully purchased for consumption on the premises where bought, of a holder of a class A-2, D-2, D-3, D-3a, D-4 and D-5 permit.”
 

 The statute was again amended in 117 Ohio Laws, 652, by inserting the words “or any other public place” after the words “Department of Liquor Control. ’ ’
 

 The daté of the offense is after the last amendment.
 

 This statute has been interpreted in different ways, by the Municipal Court and the Court of Appeals-respectively.
 

 One interpretation, which is that of the Municipal
 
 *213
 
 Court, gives the statute its broadest possible meaning. By such an interpretation possession of an opened bottle, flask or container containing milk, water or any other substance, or nothing at all, on the premises of the holder of any permit issued by the Department of Liquor Control or any other public place would be a violation of the section. Under such a broad interpretation it was held unconstitutional.
 

 The second interpretation, which is that adopted by the Court of Appeals, gives a strict and narrow construction to the statute and confines its application to an opened bottle, flask or container, containing intoxicating liquor.
 

 That these constitute two possible interpretations cannot be refuted. It is difficult to believe that the intent of the Legislature was to regulate the possession of opened empty bottles or opened bottles containing milk or other innocuous substance. To reach such a conclusion the challenged portion of the section must be sepai’ated from other language employed. The opening provision of the section by its very words applies only to “opened bottles, flasks and containers containing intoxicating liquor. ’ ’ Moreover the statute throughout refers to intoxicating liquor and nothing else.
 

 One of the canons of interpretation is that to determine the legislative intent it is necessary to look to the four corners of the enactment. When that is done it is evident that the statute is a regulation of the traffic in and use of intoxicating liquor. Especially is the last sentence of the statute significant. It is a proviso, which is not descriptive of the offense and need not be pleaded. It is only matter of defense. See
 
 Krusoczky
 
 v.
 
 State,
 
 108 Ohio St., 430, at page 434, 140 N. E., 614. Nevertheless the language used therein must be considered in determining the meaning of the whole statute and strongly implies that throughout the section is applicable to intoxicating liquor only.
 
 *214
 
 We think the narrow and strict construction should prevail.
 

 There is another canon of interpretation that is particularly applicable here. When there are two possible constructions of a statute, one of which will sustain its constitutionality and the other of which will not, the one should be adopted which upholds the law.
 

 We are therefore of the opinion that the narrow construction should be adopted and the validity of the statute upheld.
 

 The Court of Appeals having held Section 6064-57, General Code, constitutional and two judges of this court being of the same opinion, the judgment of that court is affirmed pursuant to Section 2, Article IY of the Constitution, that “No law shall be held unconstitutional and void by the Supreme Court without the concurrence of at least all but one of the judges, except in the affirmance of a judgment of the Court of Appeals declaring a law unconstitutional and void.”
 

 Judgment affirmed.
 

 Weygandt, C. J., concurs.
 

 Turner, Matthias, Hart and Zimmerman, JJ., dissent.
 

 Bettman, J., not participating.