THE STATE OF OHIO, APPELLEE, *v.* VAN DYNE, APPELLANT.

(No. 84AP-731—Decided August 6, 1985.)

*Gregory S. Lashutka,* city attorney, *Ronald J. O'Brien,* city prosecutor, and *David E. Tingley,* for appellee.

*William H. Truax,* for appellant.

MOYER, J. This matter is before us on the appeal of defendant-appellant, J. Elliott Van Dyne, from a judgment of the Franklin County Municipal Court finding him guilty on his no contest plea of violating R.C. 4301.62.

The undisputed facts indicate that defendant was cited for possessing an opened container of beer, which contained 3.7 percent alcohol by weight, when he was standing on a public sidewalk in German Village, several feet from his home. When defendant's motion to dismiss was overruled, he filed a no contest plea and was found guilty.

Defendant asserts the following two assignments of error in support of his appeal:

"I. Section 4301.62 of the Ohio Revised Code is impermissibly vague in violation of the Fourteenth Amendment to the United States Constitution.

"II. Section 4301.62 of the Ohio Revised Code is an unreasonable and impermissible exercise of the police power and, therefore, unconstitutional under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution."

R.C. 4301.62 provides, in pertinent part, as follows:

"No person shall have in his possession an opened container of beer or intoxicating liquor in a state liquor store, or on the premises of the holder of any permit issued by the department of liquor control, or any other public place. * * *"

In support of his first assignment of error, defendant correctly argues that a criminal statute must be written clearly enough that a person of ordinary intelligence is informed of the activity that is proscribed by the statute. However, it is equally well-established that, in determining whether a statute is constitutional, it is not enough to argue that the statute may be applied unconstitutionally to persons other than the person challenging its constitutionality. See *Cincinnati* v. *Hoffman* (1972), 31 Ohio St. 2d 163 [60 O.O.2d 117].

Defendant argues that the statute in question does not advise him what is meant by a "public place." The only question that is relevant to our determination of constitutionality in this case is the issue of whether a sidewalk is a public place and whether defendant should have known that it is such. We are not concerned in this case with defendant's hypothetical assertions that an affirmance of his guilt means that a person standing in the doorway of his home with an open container or a person at sporting events carrying open containers are guilty of violating the same statute. Those issues are not before us and are not decided by this opinion.

In *United States* v. *Grace* (1983), 461 U.S. 171, the United States Supreme Court held that the sidewalk outside the Supreme Court building is a public place for purposes of the First Amendment to the United States Constitution. And, in *State* v. *Chester* (1942), 140 Ohio St. 210 [23 O.O. 426], the Ohio Supreme Court interpreted the predecessor of R.C. 4301.62 and held that statute to be constitutional. By most people, a sidewalk, which is the means by which pedestrians walk across private property, is considered to be a public place. We find no vagueness in R.C. 4301.62, and the first assignment of error is therefore overruled.

In support of his second assignment of error, defendant argues that the Ohio General Assembly exceeded its police power when it sought to prohibit the conduct of possessing an opened container of alcohol on public property by adopting R.C. 4301.62 and that his constitutional rights to due process have thus been violated. Defendant's arguments in support of this assignment of error are, in theory, persuasive. That is, in the abstract, there is no threat to the health, safety, morals or general welfare of the public posed by a single person standing on a public sidewalk several feet from his home with an opened can of beer. However, defendant's argument fails to recognize the historical regulation of the sale and possession of intoxicating beverages by government in this country. Schedule, Section 18, Ohio Constitution, provided, in part, as follows:

"* * * 'No license to traffic in intoxicating liquors shall hereafter be granted in this state; but the general assembly may, by law, provide against evils resulting therefrom,' * * *."

The Twenty-first Amendment to the United States Constitution recognizes a state interest in the transportation and importation into a state of intoxicating liquors. In *New York State Liquor Authority* v. *Bellanca* (1981), 452 U.S. 714, at 715, the United States Supreme Court referred to the "* * * broad power under the Twenty-first Amendment [that states have] to regulate the times, places, and circumstances under which liquor may be sold. * * *"

The interest of the state in controlling the possession and consumption of alcohol is well-established. The state's interest in regulating possession of opened containers of alcohol in public places, while perhaps not as compelling, is similar to the state's interest in regulating the possession of thievery tools, concealed weapons, and scheduled substances. While the possession of an opened can of beer by defendant in this

case perhaps posed no threat to public health or safety, it is the possibility of abuse of the substance in his opened container by others, and his potential abuse of the substance, that gives the state its right to regulate his conduct in a public place. This is the price which he pays for living in a society in which the misconduct of some affects the freedom of us all. The state has a legitimate interest in controlling the places in which people may possess opened containers of liquor or beer. The state has not violated its police power in the adoption of R.C. 4301.62, and defendant's constitutional rights to due process were therefore not abridged when he was arrested for violating that section of the law. The second assignment of error is not well-taken and is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY, P.J., and NORRIS, J., concur.