VILLAGE OF BROOKVILLE *v.*
SCHEUMAN.

(No. 88 B 1105—Decided
December 5, 1988.)

Montgomery County Court,
First District.

*Gary Zuhl,* assistant prosecuting attorney, for the village of Brookville. *James B. Hochman,* for defendant.

JEFFREY E. FROELICH, J. The defendant, Larry G. Scheuman, is before this court charged with a violation of Section 94.08(A) of the Brookville Ordinances, which ordinance reads, in relevant part, as follows:

"No person shall have in his possession an opened container of beer or intoxicating liquor in a state liquor store, or on the premises of the holder of any permit issued by the department of liquor control, or any other public place. This section does not apply to beer or intoxicating liquor which has been lawfully purchased for consumption on the premises where bought of a holder of an A-1-a, A-2, D-1, D-2, D-3, D-3a, D-4, D-4a, D-5, D-5a, D-5b, D-5c, D-5d, D-7, E, F, and F-2 permit. * * *"

This section is essentially identical to current R.C. 4301.62.

The defendant has entered a plea of no contest. The facts indicate that while on routine patrol a police officer observed the defendant standing on the sidewalk in front of Doc's Bar within the village. It is agreed that the bar holds, among others, D-1, D-2 and D-3 permits. The defendant was observed holding a drink glass containing a mixed alcoholic beverage.

The defendant notes that the bar in which this liquor had been purchased for consumption was the holder of a permit listed in the section. The defendant contends that Section 94.08(A) and R.C. 4301.62 were passed to prohibit possession of an open container by people who purchase the beer or intoxicating liquor at a location that was not normally meant for the consumption of alcohol, such as a state liquor store, a convenience store or a grocery store. Such establishments hold different permits from those listed and therefore they are the only ones to which the section applies.

The prosecution argues first that the beer or intoxicating liquor was not lawfully purchased "for consumption on the premises" since the defendant was apparently consuming it off premises and, second, that the exclusion in the ordinance and statute

relates to "any other public place," but not to the premises of the holder of any permit.

In *State* v. *Van Dyne* (1985), 26 Ohio App. 3d 95, 26 OBR 270, 498 N.E. 2d 221, Judge Moyer held that R.C. 4301.62 was not impermissibly vague and was not unconstitutional under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. In that case, the defendant was standing on a public sidewalk several feet from his home with an opened container of beer. Although not addressed specifically, it does not appear from the decision that the beer in question had been lawfully purchased for consumption on the premises of a holder of one of the listed permits.

This court agrees with the *Van Dyne* case that the legislature is given extensive authority to regulate the use of alcoholic beverages and must be given great deference. Further, this court agrees that the public consumption of alcohol should be regulated. However, in the case before the court, the ordinance in question simply does not regulate the defendant's conduct. The first sentence of the ordinance does, in straightforward terms, prohibit the defendant from having in his possession an open container of intoxicating liquor on the sidewalk. However, the second sentence equally clearly says that this section does not apply if the liquor was lawfully purchased by the defendant for consumption on the premises of one of the listed permit holders. Therefore, the section, by the specific action of the village of Brookville, does not apply.

The legislature certainly has evidenced other much more direct prohibitions. For example, R.C. 4301.21 (D) prohibits a seller from permitting the purchaser of beer or intoxicating liquor for consumption on the premises from removing it from the premises; there is no exclusion for certain types of permits. Similarly, R.C. 4301.64 provides that "[n]o person shall consume any beer or intoxicating liquor in a motor vehicle"; again, there is no exclusion relating to where the beer or alcoholic beverage was purchased. All of these statutes are legitimate legislative actions. The court can only conclude that the legislature intended R.C. 4301.62 to prohibit someone who purchases beer or intoxicating liquor at, for example, a convenience store from opening that container in any public place. Section 94.08(A) (and R.C. 4301.62) do not prohibit someone who purchases beer or intoxicating liquor in a permitted establishment from having an open container in a public place.

Therefore, on the defendant's plea of no contest, he is hereby found not guilty.

*Judgment for defendant.*