DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Joseph M. Rhoades, has appealed from his conviction by the Barberton Municipal Court for having an opened container of beer in a public place. We reverse.
On May 21, 2000, Defendant was cited for having an opened container of beer in a public place, in violation of Codified Ordinances of the City of Green 612.07(b)(3). Following a bench trial, Defendant was found guilty and sentenced to a fine of fifty dollars plus court costs. Defendant timely appealed and has raised three assignments of error for review. This Court will address the first two assignments of error concurrently for ease of review.
 ASSIGNMENT OF ERROR I The municipal court committed error when it found [Defendant] guilty of having an open container of alcohol in a public place because the Green City open container ordinance is not applicable to this fact pattern.
 ASSIGNMENT OF ERROR II The municipal court committed error when it found that [Defendant] was in a public place.
In his first two assignments of error, Defendant has argued that he was improperly convicted of an open container violation. This Court will construe Defendant's assignments of error as arguing that the evidence is insufficient as a matter of law to sustain his conviction.
The Supreme Court of Ohio articulated the following standard of review to determine the sufficiency of the evidence in the case of a conviction:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 386; State v.Feliciano (1996), 115 Ohio App.3d 646, 652-53.
Defendant was cited for an open container violation. Pursuant to the Codified Ordinances of the City of Green 612.07(b):
 No person shall have in his or her possession an opened container of beer or intoxicating liquor in any of the following places or under any of the following circumstances:
* * *
(3) In any other public place[.][1]
Upon review of the evidence admitted at trial, the evidence produced was insufficient to establish all of the elements of this offense.
The testimony shows that on May 21, 2000, the Summit County Sheriff's Department was called to 5001 Massillon Road to respond to a fight. Located at 5001 Massillon Road is an apartment complex. Surrounding the apartment building are grassy areas, decks and cement areas provided for the recreational use of the residents. There is a private driveway to the apartment complex that enters off Massillon Road, wraps around the complex and then exits onto Massillon Road. Parking spaces are located along the length of the driveway. When the officers arrived, it is undisputed that Defendant was located upon the grassy area consuming a can of Budweiser beer. Deputy David Gordon testified that at some point during his questioning of Defendant, Defendant moved onto the driveway area. Defendant contends that he remained on the grassy area at all times, but he admits that he had consumed a significant amount of alcohol that day and it is possible that he had stepped onto the driveway and parking area. For the purposes of our review, this discrepancy is not relevant because the outcome would be identical in either location.
The fact that Defendant was holding and drinking from an open beer is not disputed, therefore the first portion of the code section is clearly met. However, Defendant has argued that neither the grassy areas nor the driveway surrounding the apartment complex constitute a public place. He further has argued that because he was not in a "public place" he has not violated the ordinance. This Court agrees.
Neither the Codified Ordinances of the City of Green nor the Revised Code upon which that code section is based define "public place" as it is utilized with regard to the open container provisions. We must, therefore, determine how "public place" should be defined with regard to this statute. Defendant presented testimony that the property is privately owned by Mr. Joel Helms. However, evidence that property is privately or publicly owned is not determinative of whether such property constitutes a public place. See Pruneyard Shopping Center v. Robins
(1980), 447 U.S. 74, 81, 64 L.Ed.2d 741; International Society forKrishna Consciousness, Inc. v. Lee (1992), 505 U.S. 672,120 L.Ed.2d 541; United States v. Kokinda (1990), 497 U.S. 720, 111 L.Ed.2d 571. Conversely, in its order the trial court indicated that the areas in question were made "public" by the fact that visitors and delivery people were permitted to enter upon them. This Court notes that such factors cannot logically be dispositive of the characterization of a location as a public or private place. To so hold would make all private residences public places under the law merely because mail or packages are delivered to the home or because the residents occasionally have visitors. Because there is very little caselaw in which the courts have considered what constitutes a "public place" with regard to open container laws, this Court looks to the extensive body of caselaw regarding theFirst Amendment issue and what constitutes a "public place" for that purpose. Upon review of the caselaw, it appears that in order for privately owned property to be deemed to be a public place, the public at large must be invited to either enter, remain on and/or cross the property. See Statev. Van Dyne (1985), 26 Ohio App.3d 95; Pruneyard Shopping Center v.Robins (1980), 447 U.S. 74, 64 L.Ed.2d 741; Hudgens v. National LaborRelations Board (1976), 424 U.S. 507, 47 L.Ed.2d 196; Lloyd Corp., LTDv. Tanner (1972), 407 U.S. 551, 33 L.Ed.2d 131. This is not the case in the present fact scenario.
It was established at trial that all of the property in question is private property with respect to its ownership. There was no evidence of any type of easement or right of way that would permit others to enter upon the land. Additionally, there was testimony that only tenants and their invited guests are permitted to enter and remain on the property. All others are either asked to leave or escorted off the premises. Because the public at large is not invited to enter, remain on and/or cross the property in question, this was not a public place under the Codified Ordinances of the City of Green. In light of this Court's determination that this was not a "public place," the evidence was insufficient as a matter of law to establish a violation of the charged section. Therefore, Defendant's first and second assignments of error are sustained.
 ASSIGNMENT OF ERROR III The municipal court committed error when it found [Defendant] guilty of violating the open container ordinance because the ordinance does not clearly indicate what behavior is proscribed.
Pursuant to App.R. 12(A)(1)(c), this court's disposition of the first and second assignments of error renders Defendant's third assignment of error moot. Accordingly, it will not be addressed.
Defendant's first and second assignments of error are sustained. The judgment of the trial court is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Barberton Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ LYNN C. SLABY
BAIRD, P. J., CONCURS.
[1] This section closely mirrors R.C. 4301.62(B)(3).