DECISION
{¶ 1} Defendant-appellant, Clarence J. Dade, appeals the decision of the Franklin County Court of Common Pleas overruling his motion to suppress evidence.
{¶ 2} Appellant was indicted on one count of possession of crack cocaine, a fifth degree felony, in violation of R.C. 2925.11. He subsequently filed a motion to suppress the evidence, based on the premise that the search of his person failed to conform to constitutional standards governing warrantless searches and seizures. On November 27, 2001, the suppression hearing was conducted. As the sole witness at that hearing, Officer Chad Huntzinger of the Whitehall Police Department testified to the following facts.
{¶ 3} On September 23, 2000, Officer Huntzinger was called to 4350 East Main Street to back up Officer McDowell, now deceased, who reported seeing suspicious activity. Upon arriving at the scene, Officer Huntzinger observed three black men sitting in a parked vehicle, which was located in a lot shared by two bars. Officer Huntzinger also observed the open beer containers, mentioned previously by Officer McDowell, on the rear passenger side floorboard. Both officers noticed the smell of alcohol, and Officer Huntzinger spotted a baggie of marijuana in the front center console area of the vehicle.
{¶ 4} At that point, Officer Huntzinger approached the driver's door and advised appellant, who was sitting behind the wheel, to step out of the vehicle. Appellant complied with the order. Officer Huntzinger then placed appellant under arrest for the open containers of alcohol. The officer handcuffed appellant and, while conducting a search incident to the open container arrest, found a plastic baggie containing crack cocaine. Appellant was then placed under arrest for the additional charge of possession of cocaine.
{¶ 5} At the conclusion of the hearing, the trial court determined that there was probable cause to arrest appellant for the open container violation; therefore, the search conducted was one incident to an arrest. And, since the evidence came from that search, the motion to suppress was overruled.
{¶ 6} Later that afternoon, appellant entered a plea of no contest to the possession charge, and the trial court found him guilty. On December 17, 2001, appellant was sentenced to three years of community control, his driver's license was suspended, and he was ordered to pay court costs in addition to a $300 fine.
{¶ 7} Appellant raises a single assignment of error in this appeal:
{¶ 8} "The trial court erroneously overruled appellant's motion to suppress the fruits of the search incident to his arrest for a minor misdemeanor."
{¶ 9} Appellant's argument is rooted in the Ohio Supreme Court's holding in State v. Jones (2000), 88 Ohio St.3d 430, syllabus[1]
stating:
{¶ 10} "Absent one or more of the exceptions specified in R.C.2935.26, a full custodial arrest for a minor misdemeanor offense violates the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution, and evidence obtained incident to such an arrest is subject to suppression in accordance with the exclusionary rule."
{¶ 11} R.C. 2935.26 provides, in relevant part:
{¶ 12} "(A) Notwithstanding any other provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation, unless one of the following applies.
{¶ 13} "(1) The offender requires medical care or is unable to provide for his own safety.
{¶ 14} "(2) The offender cannot or will not offer satisfactory evidence of his identity.
{¶ 15} "(3) The offender refuses to sign the citation.
{¶ 16} "(4) The offender has previously been issued a citation for the commission of that misdemeanor and has failed to do one of the following:
{¶ 17} "(a) Appear at the time and place stated in the citation;
{¶ 18} "(b) Comply with [the procedure outlined in] division (C) of this section [for pleading guilty and paying the applicable fine without appearing in court]."
{¶ 19} The factual allegations of this case are undisputed. Officer Huntzinger's testimony at the suppression hearing clearly establishes that appellant was arrested for an open container violation, as proscribed by R.C. 4301.62. That statute states, in pertinent part, that "[n]o person shall have in the person's possession an opened container of beer * * * while operating or being a passenger in or on a motor vehicle on any * * * public or private property open to the public for purposes of vehicular travel or parking." R.C. 4301.62(B)(4). And, according to R.C. 4301.99(A), it is equally clear that a person who violates R.C. 4301.62 "is guilty of a minor misdemeanor."
{¶ 20} Having verified that appellant was indeed arrested for a minor misdemeanor, it is necessary to determine whether any of the exceptions listed in R.C. 2935.26(A) exist. A review of the record indicates a negative answer. At the suppression hearing, upon questioning by appellant's counsel, Officer Huntzinger testified that there were no outstanding warrants for appellant, which negates any assumption that appellant was previously cited for an open container violation but failed to address the citation procedurally. R.C.2935.26(A)(4). And, Officer Huntzinger had no recollection of problems procuring satisfactory identification from appellant. R.C. 2935.26(A)(2). Further, there is no indication in the record of appellant needing medical attention; and, since the officers never attempted to issue a citation, there was no opportunity for appellant to refuse to provide his signature. R.C. 2935.26(A)(1) and (3). Therefore, the undisputed facts indicate that appellant was arrested pursuant to a minor misdemeanor, despite the mandate of R.C. 2935.26.
{¶ 21} Analyzing the foregoing facts in light of Jones, supra, it is clear that the arrest for a minor misdemeanor was a violation of appellant's State and Federal Constitutional rights to be free from unreasonable searches and seizures. The proper remedy to address that violation, as further instructed by Jones, is to suppress any evidence obtained incident to the unlawful arrest. Therefore, we sustain appellant's assignment of error, as further explained below.
{¶ 22} The state contends that appellant's failure to specifically raise the issue prior to or during the suppression hearing constitutes a waiver of that issue on appeal. Ordinarily, the state's argument would be persuasive. In Xenia v. Wallace (1988), 37 Ohio St.3d 216, paragraph one of the syllabus, the Supreme Court of Ohio held:
{¶ 23} "To suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge."
{¶ 24} The rationale for such a rule, the court explained, is simply that:
{¶ 25} "* * * [T]he prosecutor cannot be expected to anticipate the specific legal and factual grounds upon which the defendant challenges the legality of a warrantless search.
{¶ 26} "[Yet,] [t]he prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues * * *. Therefore, the defendant must make clear the grounds upon which he challenges the submission of evidence * * *. Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal. * * *" Id. at 218.
{¶ 27} Accordingly, since appellant's counsel contested the propriety of allowing the evidence based on the police officers' lack of a reasonable, articulable suspicion to even approach appellant, let alone perform a search[2] — or, in the alternative, upon their want of authority to perform a search incident to arrest when there was no apparent indication that the open containers were not empty[3] — the state contends that appellant has effectively waived his ability to raise the current assignment of error.
{¶ 28} Under the facts of this case, however, the state's argument is unpersuasive. The state's own argument calls attention to the fact that during the suppression hearing, appellant's counsel did — at least indirectly — contest the validity of the search as incident to an improper arrest. In fact, while admitting his own surprise that the search was one incident to an arrest, appellant's counsel argued that there was "no warrant, no evidence of an invalid license, and there was marijuana in the console [of an undetermined amount, but] if it's under 100 grams I believe [it] is a minor misdemeanor. They normally summons those types of things." (Tr. 13.) Appellant's counsel in so doing brought some attention to the present issue. Indeed, the court responded, "[s]o if I understand what you're saying, there was no reason to arrest this man, period, and, therefore, no reason to search the man?" (Tr. 13.) Although the conversation then reverted back to other grounds for exclusion, it is plausible that sufficient attention was brought to appellant's argument to overcome inadvertent waiver under Wallace, supra.
{¶ 29} Moreover, even if appellant failed to adequately raise the basis of his challenge either in his motion or during the suppression hearing, the record presents cause to apply plain-error analysis. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For an error to rise to the level of "plain error," there must be an actual error — or "a deviation from a legal rule" representing a clear defect in the trial proceedings that affects "substantial" rights. State v. Barnes (2002), 94 Ohio St.3d 21, 27. Substantial rights have been affected where "but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus.
{¶ 30} The facts of the record before us reveal the existence of plain error. Pursuant to R.C. 2935.26, Ohio law prohibits arrest for a minor misdemeanor unless specified circumstances apply, preferring instead that a citation be issued. The dictates of the Revised Code were underscored by the Ohio Supreme Court's decision in Jones, which declared that such an arrest in lieu of citation "violates the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution, and evidence obtained incident to such an arrest is subject to suppression in accordance with the exclusionary rule." Jones, syllabus.
{¶ 31} Appellant was, indisputably, arrested for a minor misdemeanor contrary to the provisions of R.C. 2935.26, and a search incident to that arrest produced evidence consisting of a baggie of crack cocaine. Subsequently, appellant was charged with possession of crack cocaine, and his motion to dismiss the evidence was denied. Thus, we have a clear deviation from an established legal rule — or a plain error. Appellant did not enter a plea of no contest until after the commission of said error, and only then did the trial court find him guilty. Thus, it can be said that, but for that error — not suppressing the evidence — the outcome of the trial would have been otherwise, as without the evidence there could be no conviction.
{¶ 32} Based on the foregoing, we find that the trial court committed plain error in denying appellant's motion to suppress. Therefore, appellant's single assignment of error is sustained. Accordingly, the judgment of the Franklin County Court of Common Pleas is reversed and pursuant to App.R. 12(B), this case is remanded with instructions to discharge appellant.
Judgment reversed and cause remanded with instructions.
BOWMAN and LAZARUS, JJ., concur.
[1] We are cognizant of the United States Supreme Court's decision in Atwater v. Lago Vista (2001), 532 U.S. 318, 121 S.Ct. 1536, in which a narrow majority of the court held that the Fourth Amendment does not forbid a warrantless arrest for a minor misdemeanor. The Jones decision, however, did not rest solely on the Fourth Amendment to the United States Constitution; rather, the text of the syllabus also implicates Section14, Article I of the Ohio Constitution. And, the United States Supreme Court has previously said that "[i]ndividual States may surely construe their own constitutions as imposing more stringent constraints on police conduct than does the Federal Constitution." California v. Greenwood (1988), 486 U.S. 35, 43, 108 S.Ct. 1625. As such, the Jones court's conclusion that the Ohio Constitution, as well as the Federal Constitution, is violated by an unlawful arrest for a minor misdemeanor and that any evidence obtained in a search incident to that arrest should be excluded was not specifically vitiated by the Atwater decision. Moreover, the Ohio Supreme Court has not yet readdressed Jones. Until that occurs — as an appellate court — we have no authority to overrule that decision and must adhere to established precedent. Sherman v. Millhon (June 16, 1992), Franklin App. No. 92AP-89. Accordingly, Jones remains the controlling law of this case.
[2] See Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868 (allowing officers with a reasonably articulable suspicion that a person is presently participating in criminal activity to stop that person and conduct a protective weapons frisk where there is a reasonable suspicion that the person is armed).
[3] See State v. Chester (1942), 140 Ohio St. 210 (holding that only an open container still containing intoxicating liquor can give rise to a violation of R.C. 4301.62).