DECISION AND JOURNAL ENTRY
{¶ 1} The State of Ohio appeals from the Medina County Court of Common Pleas, which suppressed certain evidence in favor of the Defendant-Appellee, Adam R. Lowman. We affirm.
 I. {¶ 2} The facts of this case were stipulated. Appellee is a minor who became intoxicated while attending a party at his sister's home. Appellee never left the sister's property; he never ventured onto a neighbor's property, into the public street, or onto a public sidewalk. When the police arrived, they confronted Appellee in the garage of this home, arrested him, and ultimately charged him with underage consumption of alcohol in violation of R.C. 4301.69(E)(1).[1]
 {¶ 3} Appellee moved to suppress on the basis that his sister's home and yard are not a "public place" under the statute. The trial court granted the motion and the State timely appealed, asserting a single assignment of error.
 II. Assignment of Error
"THE TRIAL COURT ERRED IN ITS RULING IN DETERMINING THE DEFINITION OF `PUBLIC PLACE' AS IT PERTAINS TO THIS CASE."
 {¶ 4} The State alleges that the trial could erred by following the prevailing case law from this Court, and in so doing, deciding that Appellee's sister's home and yard are not a public place. We disagree.
 {¶ 5} A motion to suppress evidence under the Fourth Amendment involves mixed questions of law and fact. Ornelas v. United States
(1996), 517 U.S. 690, 696-97, 134 L.Ed.2d 911; State v. Booth,151 Ohio App.3d 635, 2003-Ohio-829, at ¶ 12. Therefore, this Court grants deference to the trial court's findings of fact, but conducts a de novo review of whether the trial court applied the appropriate legal standard to those facts. Id. The legal standard at issue in the present case regards interpretation of the statute:
"No underage person shall knowingly be under the influence of any beer or intoxicating liquor in any public place." R.C. 4301.69(E)(1).
Specifically, Appellant challenges the meaning of "public place" in the context of R.C. 4301.69(E)(1), and argues that Appellee's sister's home, garage and yard constitute a public place for purposes of effectuating this statute.
 {¶ 6} This Court has previously ruled on this issue, holding that "in order for privately owned property to be deemed a public place, the public at large must be invited to either enter, remain on and/or cross the property." City of Green v. Rhoades (Mar. 14, 2001), 9th Dist. No. 20169, *6. Accordingly, the Rhoades majority determined that "neither the grassy areas nor the driveway surrounding [an] apartment complex constitute a public place." Id. at *5.
 {¶ 7} The Rhoades dissent argued that the common areas of an apartment complex would constitute a public place, under a broader definition, as "a place or area where the public, as a whole, has a right to be." Id. at *12 (Carr, J., dissenting), quoting Annotation, Location of Offense as "Public" Within Requirements of Enactments Against Drunkenness (1966), 8 A.L.R.3d 930, fn.1. From this, the Rhoades dissent argued for the "common sense approach" employed by one of the few cases on point: "By most people, a sidewalk, which is the means by which pedestrians walk across private property, is considered to be a public place." Id. at *14 (Carr, J., dissenting), quoting State v. Van Dyne (1985),26 Ohio App.3d 95, 96. However, with regard to the present case, it is worth noting that the Rhoades dissent concluded that "[t]he public character of an apartment parking lot is different than that of a private residence as it is not specifically owned by lessors, but rather is a shared common area." Id. at *14.
 {¶ 8} By applying this Court's holding in Rhoades to the facts of the present case, the trial court concluded that Appellee's "sister's residence was not open to the general public, that the public at large was not invited to enter, remain on, and/or cross the property in question, [and] this was not a public place." This Court similarly finds that under either the majority or dissenting position of Rhoades, the sister's home would not be construed as a public place for purposes of this statute.
 {¶ 9} Appellant urges this Court to define a public place as any place in which a defendant lacks a reasonable expectation of privacy; even within the confines of one's own property or in one's own home. Such a broad interpretation would necessarily conflict with both Rhoades and VanDyne, and we find no support for such an interpretation. Appellant has attempted to offer a case in support of this position; however, Appellant both mislabels the case and mischaracterizes the holding. Appellant alleges that the case of "State v. Wadsworth" stands for the proposition that the interior of a private residence may be a public place because the underage defendants were observable through a window and therefore had relinquished any expectation of privacy. In that case, actually titled State v. Hamilton (which arose from the Wadsworth Municipal Court), this Court concluded that exigent circumstances existed, which overcame the warrant requirement. State v. Hamilton (Aug. 11, 1999), 9th Dist. No. 2903-M, at *11. There was no discussion of whether the home was a "public place."
 {¶ 10} Appellant's argument is without merit. This assignment of error is overruled.
 III. {¶ 11} Appellant's assignment of error is overruled. The decision of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Moore, J., Concur
[1] The police also issued a minor misdemeanor citation charging Appellee with disorderly conduct in violation of R.C. 2917.11(B)(2). That charge is not at issue in the present appeal.