{¶ 26} I respectfully dissent from the decision reached by the majority in this case. I would reverse the decision of the trial court granting summary judgment in favor of appellees.
 {¶ 27} Let me first state my concern that the appellants, the buyers in this case, appear to be portrayed as wrongdoers in this action. They have acted blamelessly under the contract.
 {¶ 28} The record reflects that the parties entered into a real estate purchase agreement in which the Spolars made an offer and the Poeczes accepted that offer. Contrary to the majority's statement that the contract "was designed by the Spolars and heavily slanted in their favor" and noting that the contract "did not require [the Spolars] to submit any earnest money until six months after the contract was signed," there is evidence that the delay in the closing date was actually made at the sellers' request to allow time for completion of a new home the Poeczes were having built. Additionally, there was evidence presented that the installment payments of earnest money was a result of the requested delay in closing. I find no support for the assertion that the purchase agreement was slanted in the buyers' favor or that the terms were somehow unjust.
 {¶ 29} There is no dispute that this was a valid real estate contract that the sellers intentionally breached. A claim for specific performance is therefore a legitimate, equitable remedy available to the buyers. Tiffin v. Shawhan (1885), 43 Ohio St. 178; Sandusky Propertiesv. Averti (1984), 15 Ohio St.3d 273. *Page 12 
 {¶ 30} When granting defendant-appellees' motion for summary judgment, the trial court relied on this court's decision in Poppy v.Whitmore, Cuyahoga App. No. 84011, 2004-Ohio-4759. The trial court noted that specific performance will not be ordered where other adequate remedies exist. The error in the trial court's order is threefold: 1) it is a misstatement of the law as it relates to contracts for real property; 2) there has been no demonstration of any other adequate remedies; and 3) Poppy is distinguishable from this case on the facts.
 {¶ 31} In Poppy, it was the buyer who breached the contract claiming she was unable to secure financing for the purchase. The seller sought to specifically enforce the contract and force the buyer to purchase his property. This court noted that the measure of the seller's damages could have been established by reselling the property or establishing fair market value. These ways of determining damage amounts are typically available to the seller of real estate, but not the buyer. Where the injured party is the buyer, "an action at law does not ordinarily afford an adequate remedy for refusal to convey real estate in accordance with a valid agreement." Ayes v. Cook (1942),140 Ohio St. 218, 288.
 {¶ 32} Notably, the majority decision also relies upon Poppy, but does so on the premise that specific performance cannot be awarded if doing so would be oppressive upon a defendant. The majority finds that the appellees' assertions, coupled with medical reports, demonstrate that the remedy of specific performance would be oppressive to Mrs. Poecze. *Page 13 
 {¶ 33} In its recitation of the facts, the majority indicates that appellee Zita Poecze was in good health during the selling process, but that her health changed during a home inspection the parties agreed to as part of the contract. The majority apparently accepts as true appellees' assertion that Zita Poecze cried uncontrollably and suffered a nervous breakdown during the home inspection process. Rebutting this assertion, the appellants in their affidavits state that they attended the home inspection and that Mrs. Poecze was very pleasant and assisted with showing the house to the inspectors and other guests.
 {¶ 34} I am respectfully mindful of, and sympathize with, the traumatic events Mrs. Poecze endured as a child and to any role such trauma continues to play in her life. However, I believe that the trial court improperly disposed of the specific performance issue by granting summary judgment in favor of appellee — sellers. I therefore dissent. *Page 1